AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

_____ DISTRICT OF MASSACHUSETTS _____

UNITED STATES OF AMERICA

V.

JOSE NETO
33 Blaine Street, Allston, Massachusetts

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 2005 M 0417 RBC

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __the dates set forth below__ in __Suffolk and Middlesex__ county, in the _____ District of __Massachusetts__ defendant(s) did, (Track Statutory Language of Offense)

(Sep. 24-27, 2004) directly and indirectly corruptly offer and promise something of value to a public official with the intent to influence an official act & to induce such public official to do an act in violation of his lawful duty, in violation of 18 U.S.C. §201(b)(1); (Dec. 1, 2004) encourage and induce an alien to reside in the United States, knowing and in reckless disregard of the fact that such residence was in violation of law; (Dec. 7, 2004) encourage and induce an alien to reside in the United States, knowing and in reckless disregard of the fact that such residence was in violation of law; and (Dec. 2004) hire for employment in the U.S. an alien, knowing the alien was an unauthorized alien with respect to such employment,

in violation of Title __8__ United States Code, Section(s) __1324(a)(1)(A)(iv) and 1324a(a)(1)(A)__.

I further state that I am a(n) __Special Agent, ICE__ and that this complaint is based on the following
                                   Official Title
facts:

See Attached Affidavit

Continued on the attached sheet and made a part hereof:  ☒ Yes   ☐ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

MAR 1 1 2005  at 12:18 pm     at      Boston, Massachusetts
Date                                           City and State

ROBERT B. COLLINGS
United States Magistrate Judge          _____
Name & Title of Judicial Officer         Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JOSE NETO, )<br>)<br>Defendant )<br>_____ ) | 18 U.S.C. § 201(b) (bribery of federal official)<br><br>8 U.S.C. § 1324 (a)(1)(A)(iv) (inducing alien to reside illegally in United States)<br><br>8 U.S.C. § 1324a(a)(1)(A) (knowingly hiring unauthorized alien for employment) |

### AFFIDAVIT IN SUPPORT OF COMPLAINT AND APPLICATION FOR ARREST WARRANT

TERESA A. COURTNEY, being duly sworn, deposes and says that she is a Senior Special Agent with Immigration and Customs Enforcement, appointed to the Office of Professional Responsibility, Resident Agent in Charge, New York, duly appointed according to law and acting as such.

1. Because the purpose of this affidavit is to set forth those facts necessary to establish probable cause, I have not set forth all the facts and circumstances of which I am aware.

### Bribery of Federal Official (September 24-27, 2004)

2. For the reasons set forth below, there is probable cause to believe that, on or about September 24 and September 27, 2004, in the District of Massachusetts, Neto directly and indirectly corruptly offered and promised something of value to a public official, to wit, a Special Agent for Immigration and Customs Enforcement, with the intent to influence an official act and to induce such public official to do an act in violation of the lawful duty of such official, in violation of Title 18, United States Code, Section 201(b)(1).

3. I am informed by Michael Perrella that he is a Special Agent with Immigration and Customs Enforcement (ICE), and has been so employed since May of 1996. Among other duties,

Special Agent Perrella investigates violations of The Immigration and Nationality Act, to include alien smuggling organizations and practices.

4.  In August 2004, ICE agents sent notices to over 700 suspected foreign nationals who were believed to have obtained fraudulent documents through a fraudulent identity record ring. The notices instructed the recipients to appear at specified dates and times at the offices of ICE, located at the JFK Federal Building, Room 1725, Boston, Massachusetts to discuss their immigration status. ICE's intent in sending out these letters was to determine alienage and deportability for people that had purchased Social Security Account Number Cards and had obtained Massachusetts Drivers Licenses through the above outlined scheme. Two such notices were sent to Jose NETO and Marli De Oliveira at 33 Blaine St, Allston, MA 02134, instructing them to appear on September 24, 2004 to ICE located at the JFK Federal Building, Room 1725, Boston, Massachusetts.

5.  On September 17, 2004, a Cooperating Witness (hereinafter referred to as "CW") supplied information to ICE Agents that Jose NETO had spoken with the CW about offering a bribe to an ICE Agent on September 24, 2004. NETO had stated to the CW that he wanted his problem to go away.

6.  On September 24, 2004, Jose NETO along with Marli De Oliveira appeared for their scheduled interview at the ICE office in Boston, Massachusetts. NETO, who was called first for his interview, was interviewed by Senior Special Agent (S/SA) Michael Perrella.

7.  NETO was brought into one of the processing areas by S/SA Perrella to discuss NETO's immigration status. During the interview, NETO told Special Agent Perrella that he had entered the United States illegally near Laredo Texas, later arriving in Boston, Massachusetts. NETO stated he has lived in Boston for approximately 10 years and owns a cleaning business with

approximately 64 employees.

8. The ICE database showed no evidence of Jose NETO, DOB: 5/31/66, making a valid entry into the United States.

9. During the interview on September 24, 2004, S/SA Perrella informed NETO that NETO was a citizen of Brazil, illegally in the United States, and that he was being processed for removal from the United States. When S/SA Perrella asked NETO if he had any questions, NETO, speaking in a low tone, asked S/SA Perrella if he could help NETO. S/SA Perrella asked NETO what he meant. NETO then asked S/SA Perrella if he could make NETO's problems go away. NETO then offered S/SA Perrella a bribe payment of $10,000 dollars each, for NETO and his wife Marli Oliveira. S/SA Perrella told NETO to call S/SA Perrella back on Monday September 27, 2004, to arrange for the exchange of money.

10. On September 27, 2004, NETO called S/SA Perrella to further discuss NETO's offer on September 24, 2004. NETO spoke with S/SA Perrella by telephone, which calls were monitored and recorded by an Agent of the ICE Office of Professional Responsibility, New York. NETO agreed to meet S/SA Perrella that evening, in front of a Sears Automotive Center in the Square One Mall in Saugus, Massachusetts.

11. On the evening of September 27, 2004, NETO entered S/SA Perrella's vehicle in front of the Sears Automotive store. The meeting, which was video and audio recorded, was monitored by a Special Agent of the Office of Professional Responsibility, New York, and by ICE Special Agents from the Boston office.

12. During the meeting, S/SA Perrella asked NETO to explain what exactly NETO meant on September 24, 2004, when he (NETO) asked S/SA Perrella to make his (NETO's) problems go away. NETO clarified to S/SA Perrella that in exchange for the $20,000(USD),

NETO expected green cards (i.e. documentation for legal permanent residents "LPR") for himself and Marli De Oliviera. During the course of the meeting, NETO gave S/SA Perrella a large manila envelope containing currency in various denominations. NETO told S/SA Perrella that he (NETO) had counted the money twice and that the sum was $20,000 (USD). This money was given as a bribe payment for the requested green cards.

13. S/SA Perrella asked NETO if there was anything else that NETO wanted S/SA Perrella to do. NETO then requested S/SA Perrella to help get NETO's mother into the United States from Brazil. NETO told S/SA Perrella that he would pay S/SA Perrella money to get NETO's mother a visa to enter the United States.

14. On October 28, 2004, NETO met with S/SA Perrella at the Square One Mall in Saugus, Massachusetts. The meeting was under surveillance by ICE Special Agents. NETO got into S/SA Perrella's vehicle, which was equipped with concealed video and audio tape recording equipment. NETO supplied S/SA Perrella with photographs of himself and De Oliveira, in order for S/SA Perrella to produce green cards for NETO and De Oliveira. During the meeting, S/SA Perrella expressly told NETO that what he (Perrella) was doing was illegal.

### Encouraging and Inducing Alien To Reside In United States In Violation of Law and Knowingly Hiring Unauthorized Alien

15. For the reasons set forth below, there is probable cause to believe that, on or about December 1, 2004, in the District of Massachusetts and elsewhere, Jose Neto has encouraged and induced an alien, Udson Euriques. to reside in the United States, knowing and in reckless disregard of the fact that such residence was and would be in violation of law, in violation of Title 8, United States Code Section 1324(a)(1)(A)(iv).

4

16. For the reasons set forth below, there is probable cause to believe that, on or about December 7, 2004, in the District of Massachusetts and elsewhere, Jose Neto has encouraged and induced an alien, Robson Sena, to reside in the United States, knowing and in reckless disregard of the fact that such residence was and would be in violation of law, in violation of Title 8, United States Code Section 1324(a)(1)(A)(iv).

17. For the reasons set forth below, I also believe that there is probable cause to believe that in or about December 2004, Jose Neto hired for employment in the United States an alien, Udson Euriques, knowing the alien was an unauthorized alien (as defined in 8 U.S.C. §1324a(h)(3)) with respect to such employment, in violation of Title 8, United States Code Section 1324a(a)(1)(A).

18. On November 15, 2004, in Newington, Connecticut, two individuals, Udson Euriques and Edna Rios were stopped by the Newington Police. The police notified Special Agent Fred Divigard of the Hartford, Connecticut, ICE office, who came to the scene of the stop. During a field interview, it was established that Rios and Udson Euriques were illegally in the United States.

19. Euriques and Rios were taken into ICE custody. Euriques was in possession of a piece of paper which contained telephone number (617) 594-2650 (i.e. NETO's cellular phone). During further questioning, Euriques stated that he is an employee of Jose NETO. According to Euriques, NETO employs Euriques as a cleaner at a Stop and Shop grocery store. Euriques claimed that he only had to show his passport when he was hired by NETO.

20. ICE records show that Euriques had been previously deported from the United States on August 22, 2002. Euriques admitted to illegally re-entering the United States. Euriques acknowledged that he was smuggled back into the United States through Laredo, Texas.

21. Rios admitted to having overstayed her visa in the Untied States. Rios never had authorization to work in the United States. Rios' passport contained a genuine visitors' visa and what appears to be a fraudulent work visa. Rios stated that she is also employed by NETO and that she is usually paid in cash, although sometimes by check. Rios explained that she works for Spectro Cleaning Services and that she did not have to show any documents before beginning her employment.

22. Rios and Euriques both stated that no deductions are withheld from their earnings. number.

23. On November 15, 2004, NETO left a message on S/SA Perrella's Cellular telephone. NETO requested that S/SA Perrella call NETO back at 617-594-2650. The voicemail message was recorded by Immigration and Customs Enforcement Special
Agent Richard Davies.

24. On November 15, 2004, S/SA Perrella made a monitored and recorded telephone call to Jose NETO at 617-594-2650. NETO asked S/SA Perrella if there was anything S/SA Perrella could do for a friend that had been arrested in Arizona or Texas. S/SA Perrella agreed to meet NETO on November 17, 2004.

25. On November 17, 2004, NETO met with SA Perrella at the parking lot of the Home Depot Store located in Somerville, Massachusetts. The vehicle used by S/SA Perrella was wired for a video and audio recording and the meeting was under surveillance by ICE Special Agents, along with a Special Agent of the Office of Professional Responsibility, New York. Among other matters discussed at the November 17, 2004 meeting, NETO clarified his request of November 15, 2004 in regards to the release of an individual arrested near the Southwest United States Border. NETO identified this individual as Robson Sena. NETO provided S/SA Perrella

6

with Sena's alien registration number. ICE records show that Sena had been previously deported from the United States and was apprehended by US Border Patrol on November 12, 2004, while attempting to illegally re-enter the United States. NETO offered to pay a bribe to S/SA Perrella to obtain the release of Sena.

During the November 17, 2004 meeting NETO also offered to pay a bribe to S/SA Perrella to obtain the release of Udson Euriques from ICE custody. NETO provided S/SA Perrella with Euriques Brazilian passport, which NETO claimed to have stored at his (NETO's) residence.

26. On December 1, 2004, NETO met with S/SA Perrella by pre-arrangement, at the Square One Mall located in Saugus, Massachusetts. The vehicle used by S/SA Perrella was wired for a video and audio recording and the meeting was under surveillance by ICE Special Agents, along with a Special Agent of the Office of Professional Responsibility, New York. At this meeting, S/SA Perrella delivered Udson Euriques, in person, to NETO in exchange for a bribe payment of $4000. NETO told S/SA Perrella that Euriques would be working for him and that Euriques would be residing in Hartford, CT. NETO, with Euriques as a passenger, was seen leaving the area in a black Jeep Cherokee at approximately 4:25 pm that day. On this same date, ICE agents conducted surveillance at 33 Blaine St, Allston, MA. At approximately 6:08pm a Black Jeep Cherokee was observed driving down Blaine Street and parking next to 27-33 Blaine Street.

27. On December 28, 2004, ICE Special Agents conducted surveillance at a Super Stop and Shop located at Broad and East Main Streets in Meriden, Connecticut. The agents observed a Brazilian male cleaner in his mid twenties who fit the description of Udson Euriques. The agents used a photograph of Euriques to make the identification.

28.    On December 7, 2004, NETO met with S/SA Perrella at a Stop and Shop parking lot in Revere, Massachusetts. The vehicle used by S/SA Perrella was wired for a video and audio recording and the meeting was under surveillance by ICE Special Agents, along with a Special Agent of the Office of Professional Responsibility, New York. At this meeting, S/SA Perrella delivered Robson Sena, in person, to NETO in exchange for a bribe payment of $5000. NETO, with Sena as a passenger, was seen leaving the area in a black Jeep Cherokee.

## CONCLUSION

For the reasons set forth above, I respectfully requests that a warrant be issued for the arrest of Jose NETO on charges of violating 18 U.S.C. § 201(b), 8 U.S.C. § 1324 (a)(1)(A)(iv) and 8 U.S.C. § 1324a(a)(1)(A)

TERESA A. COURTNEY
Special Agent
Immigration and Customs Enforcement
Office of Professional Responsibility

**MAR 1 1 2005**
Sworn to before me this _____ day of March, 2005.

ROBERT B. COLLINGS
United States Magistrate Judge

8

JS 45 (5/97) - (Revised USAO MA 6/29/04)

| **Criminal Case Cover Sheet** | **U.S. District Court - District of Massachusetts** |

Place of Offense: _____   Category No. __II__   Investigating Agency __DHS-ICE__

City __Boston__   Related Case Information:

County __Suffolk__
Superseding Ind./ Inf. _____   Case No. _____
Same Defendant _____   New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name __JOSE NETO__   Juvenile  [ ] Yes  [x] No

Alias Name _____

Address __33 Blaine Street, Allston, MA__

Birth date (Year only): __1966__  SSN (last 4 #): __1310__  Sex __M__  Race: _____  Nationality: __Brazil__

**Defense Counsel if known:** _____   Address: _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA __PAUL G. LEVENSON__   Bar Number if applicable _____

Interpreter:  [x] Yes  [ ] No   List language and/or dialect: __Portugese__

Matter to be SEALED:  [x] Yes  [ ] No

[x] Warrant Requested   [ ] Regular Process   [ ] In Custody

**Location Status:**

Arrest Date: _____

[ ] Already in Federal Custody as _____ in _____
[ ] Already in State Custody _____   [ ] Serving Sentence   [ ] Awaiting Trial
[ ] On Pretrial Release:  Ordered by _____ on _____

Charging Document:   [x] Complaint   [ ] Information   [ ] Indictment

Total # of Counts:   [ ] Petty _____   [x] Misdemeanor __1__   [x] Felony __3__

Continue on Page 2 for Entry of U.S.C. Citations

[ ] I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: March 11, 2005   Signature of AUSA: _____

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page __ of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant    JOSE NETO

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. §201(b) | Bribery of Federal Official | 1 |
| Set 2  8 U.S.C. §1324 | Inducing Alien to reside In U.S. Illegally | 2-3 |
| Set 3  8 U.S.C. §1324a | Knowingly hiring unauthorized alien | 4 |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION: