UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. _05- 10101-MEL_ |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | 18 U.S.C. § 201(b)(1) (Bribery of Public Official) |
| JOSE NETO, | ) | 8 U.S.C. § 1324(a)(1)(A)(iv) (inducing illegal aliens |
| | ) | to reside in United States) |
| defendant. | ) | 8 U.S.C. § 1324(a)(1)(A)(iii) (harboring illegal |
| | ) | aliens) |
| | | 8 U.S.C. § 1324a (pattern of knowingly employing |
| | | unauthorized aliens) |
| | | 18 U.S.C. § 892 (Extortionate Extension of |
| | | Credit) |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

1.    At all times pertinent to this Indictment, defendant JOSE NETO was a Brazilian

citizen who resided in the United States in violation of United States laws regarding Immigration

and Nationality.

2.    At times pertinent to this Indictment, defendant NETO was the owner and

operator of a business known as Spectro Cleaning Services, Inc., a Massachusetts corporation.

3.    At times pertinent to this Indictment, defendant NETO, through Spectro Cleaning

Services, Inc., employed at least 57 individuals who resided in the United States in violation of

United States laws regarding Immigration and Nationality.

4.    At times pertinent to this Indictment, defendant NETO was also in the business of

sub-letting rooms in an apartment that he rented in Agawam, Massachusetts

5.      At times pertinent to this Indictment, defendant NETO was also in the business of lending money to individuals, for interest in excess of the amounts permitted by law.

6.      At times pertinent to this Indictment, Neto was also in the business of renting apartments in the multi-family residence he owned, located at numbers 27, 29, 31 and 33 Blaine Street, Allston, Massachusetts.

7.      In or about August 2004, defendant NETO was notified by the United States Department of Homeland Security, Immigration and Customs Enforcement (hereinafter referred to as "ICE") that he would be required to report to ICE offices in Boston, Massachusetts, for an interview regarding his immigration status.

8.      On or about September 24, 2004, defendant NETO appeared for an interview at the ICE offices. During that interview, he admitted that he was residing in this country illegally and offered the ICE agent conducting the interview a $20,000 bribe to help him remain in the country.

9.      On or about September 27, 2004, in the parking lot of a shopping mall, defendant NETO met with the ICE agent – who was acting in an undercover capacity – and paid the agent $20,000 in cash, in exchange for the agent's agreement to obtain documentation for legal permanent residency (commonly known as Green Cards) for defendant NETO and his wife. Subsequently, defendant NETO discussed with the undercover agent the possibility of making further payments to him in exchange for additional immigration documents for others.

10.     Between in or about September 2004 and March 2005, defendant NETO met with the undercover agent on multiple occasions, always at shopping center parking lots. Defendant NETO told the undercover agent that he, NETO, would profit by charging individuals a large premium – above the amounts paid to the undercover agent – for immigration documents.

During these meetings, defendant NETO offered and paid additional bribes for illegal services, such as obtaining "Green Cards" and getting illegal aliens released from ICE custody for the following individuals:

J.G.

M.P.D.

G.F.D.

D.P.D.

V.M.A.

G.C.D.

R.S.

U.E.

Q.T.

F.S.

C.T.

E.R.

A.D.

E.R.

R.D.G.

R.L.

E.J.R.

M.A.G.

V.T.A.

F.D.

R.D.

P.J.C.

D.A.

J.F.

11.     On or about October 28, 2004, defendant NETO met the undercover agent and provided the agent with photographs of himself and his wife, for use in obtaining Green Cards. During that meeting, Neto also negotiated a price of $8,000 per card to purchase additional Green Cards for other individuals.

12.     On or about November 17, 2004, defendant NETO met with the undercover agent and provided photographs and biographical information for use in producing Green Cards for six individuals.

13.     On or about November 17, 2004, defendant NETO also paid the undercover agent $22,000 in cash, as a down payment for Green Cards.

14.     On or about November 17, 2004, defendant NETO offered to pay the undercover agent for the release of two individuals who were currently in ICE custody.

15.     On or about December 1, 2004, defendant NETO paid the undercover agent $4,000 in exchange for the release of an individual, U.E., who was delivered in person to defendant NETO at that time.

16.     On or about December 7, 2004, defendant NETO paid the undercover agent a total bribe of $9,000, of which $5,000 was for the release of R.S. from custody and $4,000 was a down payment for a Green Card for another individual.

17.     On or about December 22, 2004, defendant NETO met the undercover agent and received Green Cards for himself and for his wife.

18.     On or about December 22, 2004, defendant NETO paid the undercover agent

total bribe of $10,000, of which $2,000 was for down payments for Green Cards previously

discussed and $8,000 was for down payments for Green Cards for two additional individuals.

19.     On or about January 5, 2005, defendant NETO paid the undercover agent for the

release of an individual, A.D.R., from ICE custody in Texas.

20.     On or about January 5, 2005, defendant NETO paid the undercover agent a total

bribe of $11,000, of which $7,000 was for the release of A.D.R. from custody and $4,000 was a

down payment for a Green Card for another individual.

21.     On or about February 9, 2005, defendant NETO paid the undercover agent an

additional bribe of $8,000, as down payments for Green Cards for two individuals.

22.     On or about March 9, 2005, defendant NETO paid the undercover agent for the

release of an individual, R.D.S., who was delivered in person to defendant NETO at that time.

23.     On or about March 9, 2005, defendant NETO paid the undercover agent a total

bribe of $28,000, of which $5,000 was for the release of R.D.S. from custody, $20,000 was

payment for Green Cards previously discussed and $3,000 was partial payment for Green Cards

to be provided at a later time.

24.     On or about March 15, 2005, defendant NETO met with the undercover agent

who provided defendant NETO with 10 Green Cards.

25.     On or about March 15, 2005, defendant NETO paid the undercover agent a total

bribe of $55,100 cash, of which $37,000 was the balance owed on the Green Cards delivered that

day, $12,000 was for down payments on 3 additional Green Cards, and $6,000 was for arranging

for an individual to be smuggled into the United States from Brazil. Upon a later recounting of

the money, it was determined that defendant NETO had included an additional $100 in the cash

payment.

## COUNTS ONE-NINE

### (Bribery of Public Official - 18 U.S.C. § 201)

26.     The Grand Jury realleges and incorporates by reference paragraphs 1-25 of this Indictment, and further charges that:

27.     On or about the dates and at the locations set forth below, in the District of Massachusetts and elsewhere,

### JOSE NETO,

defendant herein, did, directly and indirectly, corruptly give, offer and promise to a public official things of value with intent to influence the official acts of the public official, and to influence such public official to commit and aid in committing, and collude in, and allow, the commission of a fraud on the United States, and to induce a public official to do and omit to do acts in violation of the public official's lawful duties; namely, paying bribes to an agent of the United States Department of Homeland Security, Immigration and Customs Enforcement as follows:

| COUNT | DATE | LOCATION | AMOUNT |
|---|---|---|---|
| 1 | 9/27/2004 | Saugus | $20,000 |
| 2 | 11/17/2004 | Somerville | $22,000 |
| 3 | 12/1/2004 | Saugus | $ 4,000 |
| 4 | 12/7/2004 | Revere | $ 9,000 |
| 5 | 12/22/2004 | Revere | $10,000 |
| 6 | 1/5/2005 | Revere | $11,000 |
| 7 | 2/9/2005 | Saugus | $ 8,000 |
| 8 | 3/9/2005 | Revere | $28,000 |
| 9 | 3/15/2005 | Saugus | $55,100 |

All in violation of Title 18, United States Code, Section 201(b)(1).

## COUNTS TEN - THIRTY TWO

**(Inducing Aliens To Reside in the United States Illegally - 8 U.S.C. § 1324(a))**

28.     The Grand Jury realleges and incorporates by reference paragraphs 1-25 of this Indictment, and further charges that:

29.     On or about the dates set forth below, at Allston, Somerville, Revere and Saugus, in the District of Massachusetts and elsewhere,

JOSE NETO,

defendant herein, did encourage and induce aliens to reside in the United States, knowing that such residence was and would be in violation of law, as follows:

| COUNT | DATE | ALIEN |
|---|---|---|
| 10 | 11/17/2004 | J.G. |
| 11 | 11/17/2004 | M.P.D. |
| 12 | 11/17/2004 | G.F.D. |
| 13 | 11/17/2004 | D.P.D. |
| 14 | 11/17/2004 | V.M.A. |
| 15 | 11/17/2004 | G.C.D. |
| 16 | 12/1/2004 | U.E. |
| 17 | 12/7/2004 | R.S. |
| 18 | 12/7/2004 | Q.T. |
| 19 | 12/22/2004 | F.S. |
| 20 | 12/22/2004 | C.T. |
| 21 | 1/5/2005 | A.D. |
| 22 | 2/9/2005 | E.R. |
| 23 | 2/9/2005 | R.D.G. |
| 24 | 3/9/2005 | R.L. |

| COUNT | DATE | ALIEN |
|-------|------|-------|
| 25 | 3/9/2005 | E.J.R. |
| 26 | 3/9/2005 | M.A.G. |
| 27 | 3/9/2005 | V.T.A. |
| 28 | 3/9/2005 | F.D.D. |
| 29 | 3/9/2005 | R.D. |
| 30 | 3/15/2005 | P.J.C. |
| 31 | 3/15/2005 | D.A. |
| 32 | 3/15/2005 | J.F. |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and Title 18, United States Code, Section 2.

## COUNTS THIRTY THREE -THIRTY FIVE

## (Harboring Illegal Aliens - 8 U.S.C. § 1324(a))

30.     The Grand Jury realleges and incorporates by reference paragraphs 1-6 of this Indictment, and further charges that:

31.     On or about various dates prior to and including March 15, 2005, dates set forth below, at Allston in the District of Massachusetts and elsewhere,

### JOSE NETO,

defendant herein, knowing and or in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection, and did attempt to conceal, harbor, and shield from detection, such alien in a building; to wit, the multi-family residences located at 27, 29, 31, 33 Blaine Street, Allston, Massachusetts as follows:

| COUNT | ALIEN |
|-------|-------|
| 33 | R.C. |
| 34 | A.H.D. |
| 35 | S.F. |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) and Title 18, United States Code, Section 2.

## COUNTS THIRTY SIX -FORTY

### (Harboring Illegal Aliens - 8 U.S.C. § 1324(a))

32.    The Grand Jury realleges and incorporates by reference paragraphs 1-6 of this Indictment, and further charges that:

33.    On or about various dates prior to and including March 15, 2005, dates set forth below, at Agawam in the District of Massachusetts and elsewhere,

JOSE NETO,

defendant herein, knowing and or in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection, and did attempt to conceal, harbor, and shield from detection, such alien in a building; to wit, 1 Belden Court, Unit M3, Agawam, Massachusetts as follows:

| COUNT | ALIEN |
|-------|-------|
| 36 | R.G. |
| 37 | P.A. |
| 38 | F.M. |
| 39 | W.F. |
| 40 | F.P. |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii) and Title 18, United States Code, Section 2.

-11-

## COUNT FORTY ONE

### (Extortionate Extension of Credit – 18 U.S.C. § 892)

34.    The Grand Jury realleges and incorporates by reference paragraphs 1-6 of this Indictment, and further charges that:

35.    In or about November 2004, defendant NETO loaned $1,000 to an individual known to the Grand Jury, S.F., who was an illegal immigrant from Brazil.

36.    The interest rate for defendant NETO's loan to S.F. was 6% per month (i.e. 72% per year).

37.    At or about the time defendant NETO made the loan to S.F., defendant NETO made statements over the telephone, within the hearing of S.F.  Hearing only defendant NETO's end of the conversation, S.F. understood that defendant NETO was speaking to someone who owed money to defendant NETO and that defendant NETO was threatening that, if the individual did not pay his debt, defendant NETO would turn the individual over to U.S. immigration authorities so that the individual would be deported to Brazil and, upon deportation to Brazil, would be murdered.

38.    In or about November 2004, at Allston in the District of Massachusetts and elsewhere,

### JOSE NETO,

defendant herein, did make an extortionate extension of credit; to wit, a loan to an indvidual known to the Grand Jury,  S.F.

All in violation of Title 18, United States Code, Sections 892 and 2.

## COUNT FORTY TWO

### (Hiring and Employing Illegal Aliens - 8 U.S.C. § 1324a)

39.    The Grand Jury realleges and incorporates by reference paragraphs 1-6 of this Indictment, and further charges that:

40.    Beginning some time in or about March 2004 and continuing until on or about March 15, 2005, at Allston in the District of Massachusetts and elsewhere,

### JOSE NETO,

defendant herein, did engage in a pattern and practice of hiring for employment and of continuing to employ aliens in the United States, knowing that such aliens were not at that time either lawfully admitted for permanent residence, or authorized to be so employed by United States law or by the Attorney General.

All in violation of Title 8, United States Code, Section 1324a(a)(1-2) and (f) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS

## (18 U.S.C. § 982(a)(6) – Criminal Forfeiture)

41.    The Grand Jury realleges and incorporates by reference paragraphs 1-31 of this

Indictment, and further charges that:

42.    As a result of committing one or more of the offenses in Counts One through

Thirty-Five of this Indictment,

### JOSE NETO,

defendant herein, upon conviction, shall forfeit to the United States, pursuant to 18 U.S.C.

§982(a)(6)(A), any conveyance, including any vessel, vehicle, or aircraft used in the commission

of each offense; and any property, real or personal, that constitutes or is derived from or is

traceable to the proceeds obtained directly or indirectly from the commission of each offense, or

that is used to facilitate, or is intended to be used to facilitate, the commission of each offense.

Such property includes, without limitation, the following:

> the real property located at 27-33 Blain Street, Allston,
> Massachusetts, more specifically described in the deed
> recorded in the Suffolk County Registry of Deeds,
> Book 29514, Page 317.

3.    If any of the forfeitable property, as described in paragraph 2 above, as a result of

any act or omission of the defendant:

    a.    cannot be located upon the exercise of due
          diligence;

    b.    has been transferred or sold to, or deposited with, a
          third person;

    c.    has been placed beyond the jurisdiction of the
          Court;

    d.    has been substantially diminished in value; or

      e.     has been commingled with other property which
               cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C.

§ 982(b), to seek forfeiture of any other property of the defendant up to the value of the property

described in subparagraphs a through e above.

     All in violation of Title 18, United States Code, Section 982(a)(6)(A) and Rule 32.2(a),

Federal Rules of Criminal Procedure.

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY

_____
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS January 10, 2006

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk

1/10/06
C 12:35 PM

-16-

**Criminal Case Cover Sheet**       **U.S. District Court - District of Massachusetts**

**Place of Offense:**   D. Mass.     **Category No.** II     **Investigating Agency** DHS-ICE

**City**   Boston     **Related Case Information:**

**County**   Suffolk

Superseding Ind./ Inf.   x      Case No.   05-10101 MEL
Same Defendant      New Defendant
Magistrate Judge Case Number   2005 M 0417 RBC
Search Warrant Case Number   2005 M 0418 RBC
R 20/R 40 from District of

**Defendant Information:**

**Defendant Name**   JOSE NETO      Juvenile   ☐ Yes   ☒ No

**Alias Name**

**Address**   33 Blaine Street, Allston, MA

**Birth date (Year only):** 1966   **SSN (last 4 #):** 1310   **Sex** M   **Race:**     **Nationality:** Brazil

**Defense Counsel if known:**   John H. Cunha, Esq.     **Address:** 1 State Street #500, Boston, MA 02109
    617 523-4300

**Bar Number:**

**U.S. Attorney Information:**

**AUSA**   Paul Levenson, George Vien, Sabita Singh     Bar Number if applicable   (Singh 560146)

**Interpreter:**   ☒ Yes ☐ No     List language and/or dialect:   Portugese

**Victims:** ☒ Yes ☐ No   If Yes, are there multiple crime victims under 18 U.S.C. §3771(d)(2)   ☐ Yes ☒ No

**Matter to be SEALED:**   ☐ Yes   ☒ No

    ☐ Warrant Requested     ☐ Regular Process     ☒ In Custody

**Location Status:**

**Arrest Date:**

☒ Already in Federal Custody as     in
☐ Already in State Custody     ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by     on

Charging Document:     ☐ Complaint     ☐ Information     ☒ Indictment

Total # of Counts:     ☐ Petty     ☒ Misdemeanor   1     ☒ Felony   41

Continue on Page 2 for Entry of U.S.C. Citations

☒   **I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.**

Date:   January 10, 2006     Signature of AUSA:

JS 45  (5/97) - (Revised USAO MA 11/15/05)  Page 2 or Reverse

**District Court Case Number**  (To be filled in by deputy clerk): _____

**Name of Defendant**    JOSE NETO _____

## U.S.C. Citations

| | **Index Key/Code** | **Description of Offense Charged** | **Count Numbers** |
|---|---|---|---|
| Set 1 | 18 U.S.C. §201(b) | Bribery of Federal Official | 1-9 |
| Set 2 | 8 U.S.C. §1324 | Inducing Alien to Reside In U.S. Illegally | 10-32 |
| Set 3 | 8 U.S.C. §1324 | Harboring Illegal Alien | 33-40 |
| Set 4 | 18 U.S.C. § 892 | Extortionate Extension of Credit | 41 |
| Set 5 | 8 U.S.C. §1324a | Hiring and Employing Illegal Aliens | 42 |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

ADDITIONAL INFORMATION: