UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10101-MEL |
| | ) | |
| JOSE NETO | ) | |

REVISED REQUEST FOR JURY INSTRUCTIONS BY UNITED STATES

Pursuant to Fed. R. Crim. P. 30, the United States of America requests that the Court give the following jury instructions, in addition to the Court's customary instructions common to criminal cases. The government reserves the right to supplement, modify or withdraw these requested instructions in light of the requests, if any, filed by the defendant and the evidence in the case.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:  /s/ Paul G. Levenson
      PAUL G. LEVENSON
      SABITA SINGH
      Assistant U.S. Attorneys
      John Joseph Moakley United States Courthouse
      1 Courthouse Way, Suite 9200
      Boston, MA 02210
      Ph: (617) 748-3100
      Fx: (617) 748-3954

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

dated: May 4, 2006

        /s/ Paul G. Levenson
        PAUL G. LEVENSON

PROPOSED INSTRUCTION 1

<u>Harboring Illegal Aliens (8 U.S.C. § 1324(a)(1)(A)(iii))</u>

Counts 1 through 7 of the Indictment charge that at various times prior to and including March 15, 2005, in the District of Massachusetts, Defendant Jose Neto harbored illegal aliens.

Section 1324(a)(1)(A)(iii) of Title 8 of the United States Code provides, in part, that:

(a)(1)(A) Any person who –

    (iii)    knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation

shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of harboring an illegal alien as charged in Counts 33 through 40 of the Indictment, the government must prove the following three essential elements beyond a reasonable doubt:

One: The individuals identified in Counts 1 through 7 of the Indictment, were in the United States in violation of the law; and

Two: Defendant Jose Neto knew, or was in reckless disregard of the fact, that the individuals identified in Counts 1 through 7 of the Indictment were in the United States in violation of the law; and

Three: Defendant Jose Neto knowingly concealed, harbored, shielded from detection or attempted to conceal, harbor or shield from detection the individuals identified in Counts 1 through 7 of the Indictment in any place.

The term "alien," as used in these instructions, means any person who is not a citizen or national of the United States.

The phrase "reckless disregard," as used in these instructions, means that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of an intent of the defendant to avoid knowledge or enlightenment would permit the jury to infer knowledge. Stated another way, a defendant's knowledge of a particular fact may be inferred from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any reckless disregard or deliberate closing of the eyes and the inference to be drawn from any such evidence.

You may not infer that a defendant had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

2B <u>Federal Jury Practice & Instructions</u> §61.07-.12 (5th ed.) (Concealment or Harboring of Illegal Alien).

PROPOSED INSTRUCTION 2

Forfeiture (18 U.S.C. § 982(a)(6))

In view of your verdict that the defendant is guilty of Harboring Illegal Aliens in Counts 1 and 2 of the Indictment, you have one more task to perform before you are discharged.

What you must now decide is whether the defendant must forfeit certain property which the government claims is subject to forfeiture to the United States because of its connection to his alien harboring activities.

Under federal law, any person who is convicted of an alien harboring violation shall forfeit to the United States any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of such offense.

Property that facilitated such harboring of illegal aliens is any property used, or intended to be used, in any substantial way to promote such harboring or make such harboring easier to conduct.  The property need not be indispensable to the commission of the alien harboring violation and need not be used exclusively for illegal alien harboring, to be facilitating property. All that is necessary is that the government prove that the property was used to commit or facilitate the commission of the alien harboring violation.  If a portion of the property is used in any way to facilitate an alien harboring violation, then the entire property is forfeitable.

You must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the Indictment alleges shall be forfeited to the United States and each alien harboring count of which you have already found the defendant guilty.

I instruct you, however, that your previous finding that the defendant is guilty of an alien harboring violation is final, conclusive and binding.  Because you are bound by your previous

finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any alien harboring violation.

    All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture.

18 U.S.C. § 982(a)(6)(A)(ii)(II); Fed. R. Crim. P. 32.2(b)(1); <u>United States</u> v. <u>Heldeman</u>, 420 F.3d 220 (1st Cir. 2005).

PROPOSED INSTRUCTION 3

Forfeiture - Burden of Proof

My previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do not apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that property facilitated the alien harboring violation. The government is not required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property facilitated the alien harboring violation, it must prove that it is more likely than not that the property was such property. In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that the property facilitated the alien harboring violation. Your job is to determine whether it is more likely than not that the property facilitated the alien harboring violation.

Libretti v. United States, 116 S.Ct. 356, 363 (1995)(criminal forfeiture is part of sentencing); United States v. Keene, 341 F.3d 78, 2003 WL 21994744 (1st Cir. (ME) 2003); United States v. Rogers, 102 F.3d 641, 648 (1st Cir. 1996); South-East Coal Co. v. Consolidation Coal Co., 434 F.2d 767, 778 (6th Cir. 1970).

PROPOSED INSTRUCTION 4

<u>Forfeiture - Matters To Be Considered</u>

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

What happens to any property that is declared forfeited is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern now is to determine whether property was used to facilitate, or was intended to be used to facilitate, the commission of the alien harboring violation which you have found the defendant committed.

Similarly, you are not to consider whether the property is presently available. That matter also will be considered solely by the court in imposing sentence.

<u>United States</u> v. <u>Derman</u>, 211 F.3d 175, 184 (1st Cir. 2000); <u>United States</u> v. <u>Sandini</u>, 816 F.2d 869, 873-74 (3d Cir. 1987); <u>United States</u> v. <u>Bornfield</u>, 145 F.3d 1123, 1134 (10th Cir. 1998).

PROPOSED INSTRUCTION 5

<u>Forfeiture - Special Verdict Form</u>

A special verdict form has been prepared for you.  The special verdict form lists the property which the government asserts is facilitating property.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO".  The foreperson must then sign and date the special verdict form.

You must reach a unanimous verdict as to each question on each special verdict form.

Everyone must agree whether the preponderance of the evidence proves that such property was used to facilitate the commission of the alien harboring violation of which the defendant was convicted.