UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-10101-MEL |
| | ) | |
| JOSE NETO | ) | |

**FURTHER RESPONSE TO DEFENDANT'S**
**PROPOSED JURY INSTRUCTION CONCERNING HARBORING**

The defendant seeks an instruction that, in order to find him guilty of knowingly harboring illegal aliens, the jury must find that the defendant provided lodging to individuals he knew to be illegal aliens and that "there was a clandestine or secretive element to that lodging." Citing to the Fourth Edition[1] of Black's Law Dictionary, the defendant contends that the term "harboring" generally includes a secretive or clandestine element.

The Second Circuit and the Ninth Circuit have both addressed this definition of harboring as it relates to the crime of knowingly harboring illegal aliens and both courts have rejected it. The defendants in the cases of United States v. Acosta de Evans, 531 F.2d 428, 430 (9th Cir. 1976) and United States v. Lopez, 521 F.2d 437, 440 n3 (2nd Cir. 1975), both argued that the definition of the term "harbor" should be the "clandestine" sheltering of improperly admitted aliens, relying on the case of Susnjar v. United States, 27 F.2d 223 (6th Cir. 1928). Both courts rejected that definition and instead determined that the term "harbor" should be defined to mean "to provide shelter."

---

[1] The most current edition - the Eighth Edition - contains no language indicating that harboring includes a secretive or clandestine element. "Harboring" is defined as "[t]he act of affording lodging, shelter, or refuge to a person, esp. a criminal or illegal alien." Black's Law Dictionary, Eighth Edition (2004). The phrase "harboring an illegal alien" is defined as "[t]he act of providing concealment from detection by law-enforcement authorities or shelter, employment, or transportation to help a noncitizen remain in the United States illegally, while knowing about or recklessly disregarding the noncitizen's illegal immigration status. The crime of harboring an illegal alien does not require that the offender be involved in the smuggling of the illegal aliens into the country." Id.

In <u>United States</u> v. <u>Acosta de Evans</u>, 531 F.2d at 430, the Court recognized that "[s]tandard definitions of the term 'harbor' include both concealment and simple sheltering, although the latter appears to be the primary meaning." The Court also noted that, as a matter of statutory construction, the term "harbor" should have a different meaning from the term "conceal" to avoid redundancy in the statute, which provides for its violation in either way. <u>Id</u>. at 430 n.3. After reviewing the purpose of the statute, the Court held that the purpose was "best effectuated by construing 'harbor' to mean 'afford shelter to.'" <u>Id</u>. at 430. In <u>United States</u> v. <u>Lopez</u>, 521 F.2d at 441, the Court also recognized that the term "harbor" has been defined with several meanings, including "to receive clandestinely and conceal," but noted that "its primary meaning is "'to give shelter or refuge to.'"

Given that the Courts have specifically rejected a definition of harboring that limits it to clandestine or secretive conduct, this Court should also reject this definition and instead define the term "to harbor" to mean "to provide shelter."

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney
                     By:

                                            _____
                                            PAUL G. LEVENSON
                                            SABITA SINGH
                                            Assistant U.S. Attorneys
                                            John Joseph Moakley United States Courthouse
                                            1 Courthouse Way, Suite 9200
                                            Boston, MA 02210
                                            Ph: (617) 748-3100
                                            Fx: (617) 748-3954

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 10, 2006.

SABITA SINGH