UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
            Plaintiff,      )
       v.                      )      Criminal No. 05-10101-MEL
                    )
JOSE NETO,                     )
            Defendant.      )
                    )
                    )

**UNITED STATES' MOTION FOR ISSUANCE
OF A PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J.
Sullivan, United States Attorney for the District of
Massachusetts, respectfully moves this Court for the issuance of
a Preliminary Order of Forfeiture in the above-captioned case
pursuant to Title 21, United States Code, Section 853,
incorporated by reference in Title 18, United States Code,
Section 982(b).  A proposed Preliminary Order is submitted
herewith.  In support thereof, the United States sets forth the
following:

    1.   On or about January 10, 2006, a federal grand jury
sitting in the District of Massachusetts returned a forty-two
count Superseding Indictment charging Defendant Jose Neto ("Neto"
or the "Defendant"), with the following violations: Bribery of a
Public Official, in violation of 18 U.S.C. § 201(b)(1) (Counts
One through Nine); Inducing Aliens to Reside in the United States
Illegally, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and 18
U.S.C. § 2 (Counts Ten through Thirty-Two); Harboring Illegal
Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18

U.S.C. § 2 (Counts Thirty-Three through Thirty-Five); Harboring

Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and

18 U.S.C. § 2 (Counts Thirty-Six through Forty); Extortionate

Extension of Credit, in violation of 18 U.S.C. §§ 892 and 2

(Count Forty-One); and Hiring and Employing Illegal Aliens, in

violation of 8 U.S.C. § 1324 a(a)(1-2) and (f) and 18 U.S.C. § 2

(Count Forty-Two).

2.    The Superseding Indictment sought the forfeiture, as a

result of committing one or more of the offenses alleged in

Counts One through Thirty-Five of the Superseding Indictment, of

any conveyance, including any vessel, vehicle, or aircraft used

in the commission of each offense; and any property, real or

personal, that constitutes or is derived from or is traceable to

the proceeds obtained directly or indirectly from the commission

of each offense, or that is used to facilitate, or is intended to

be used to facilitate, the commission of, any such violations,

pursuant to 18 U.S.C. § 982(a)(6)(A).  Such property included,

without limitation, the real property located at 27-33 Blain

Street, Allston, Massachusetts, more specifically described in

the deed recorded in the Suffolk County Registry of Deeds, Book

29514, Page 317, (the "Real Property").

3.    The Superseding Indictment further provided that, if

any property subject to forfeiture, as a result of any act or

omission by the Defendant, (a) cannot be located upon the

exercise of due diligence; (b) has been transferred or sold to,

or deposited with, a third party; (c) has been placed beyond the

jurisdiction of the Court; (d) has been substantially diminished

in value; or (e) has been commingled with other property which

cannot be divided without difficulty, the United States is

entitled to seek forfeiture of any other property of the

Defendant, up to the value of the forfeitable property, pursuant

to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

    4.  On April 3, 2006, the Defendant pled guilty to Counts

One through Thirty-Two, and Count Forty-Two of the Superseding

Indictment.

    5.  On May 10, 2006, the Defendant was convicted by a jury

of Counts Thirty-Three, and Thirty-Five through Forty of the

Superseding Indictment.  That same day, the jury returned a

special verdict, finding that the Real Property was used to

facilitate, or was intended to be used to facilitate, the

commission of the violation charged in Count Thirty-Three of the

Superseding Indictment.[1]

---

[1] A redacted version of the Superseding Indictment was provided to the jury.  The redacted Superseding Indictment eliminated all references to counts not subject to trial and the counts of the redacted Superseding Indictment were renumbered accordingly.  The jury returned guilty verdicts on Counts One and Three through Seven of the redacted Superseding Indictment, which corresponded to Counts Thirty-Three and Thirty-Six through Forty of the Superseding Indictment.  The jury found that the Real Property was used to facilitate, or was intended to be used to facilitate, the commission of the violation charged in Count One of the redacted Superseding Indictment, which corresponds to Count Thirty-Three of the Superseding Indictment.

6.  As determined by the jury, the United States has established the requisite nexus between the Real Property and Count Thirty-Three of the Superseding Indictment.  Accordingly, the Real Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

7.   As a result of Neto's conviction and the jury's verdict, and pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Real Property, or substitute assets, in a value up to the value of the Real Property.  See Rule 32.2(b)(2); 21 U.S.C. § 853(p); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

8.   Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Real Property and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Real Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b).

WHEREFORE, the United States requests that this Court:

(a)  enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)  include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c)  incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


/s/ Kristina E. Barclay
PAUL G. LEVENSON
SABITA SINGH
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
Date: May 18, 2006        (617) 748-3100


## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).


/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney
Date: May 18, 2006

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal No. 05-10101-MEL |
| | ) | |
| JOSE NETO, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**LASKER, SENIOR D.J.,**

WHEREAS, on or about January 10, 2006, a federal grand jury

sitting in the District of Massachusetts returned a forty-two

count Superseding Indictment charging Defendant Jose Neto ("Neto"

or the "Defendant"), with the following violations: Bribery of a

Public Official, in violation of 18 U.S.C. § 201(b)(1) (Counts

One through Nine); Inducing Aliens to Reside in the United States

Illegally, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and 18

U.S.C. § 2 (Counts Ten through Thirty-Two); Harboring Illegal

Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18

U.S.C. § 2 (Counts Thirty-Three through Thirty-Five); Harboring

Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and

18 U.S.C. § 2 (Counts Thirty-Six through Forty); Extortionate

Extension of Credit, in violation of 18 U.S.C. §§ 892 and 2

(Count Forty-One); and Hiring and Employing Illegal Aliens, in

violation of 8 U.S.C. § 1324 a(a)(1-2) and (f) and 18 U.S.C. § 2

(Count Forty-Two);

WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Thirty-Five of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in the commission of each offense; and any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of each offense, or that is used to facilitate, or is intended to be used to facilitate, the commission of, any such violations, pursuant to 18 U.S.C. § 982(a)(6)(A), including, without limitation, the real property located at 27-33 Blain Street, Allston, Massachusetts, more specifically described in the deed recorded in the Suffolk County Registry of Deeds, Book 29514, Page 317, (the "Real Property");

WHEREAS, the Superseding Indictment further provided that, if any property subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the

Defendant, up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b);

WHEREAS, on April 3, 2006, the Defendant pled guilty to Counts One through Thirty-Two, and Count Forty-Two of the Superseding Indictment;

WHEREAS, on May 10, 2006, the Defendant was convicted by a jury of Counts Thirty-Three, and Thirty-Five through Forty of the Superseding Indictment;

WHEREAS, on May 10, 2006, the jury returned a special verdict, finding that the Real Property was used to facilitate, or was intended to be used to facilitate, the commission of the violation charged in Count Thirty-Three of the Superseding Indictment;

WHEREAS, as a result of Neto's conviction and the jury's verdict, and pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Real Property, or substitute assets, in a value up to the value of the Real Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the jury's

verdict, that the government has established the requisite nexus between the Real Property and the offenses of which the jury convicted the Defendant.  Accordingly, all of the Defendant's interest in the Real Property is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b).

2.    If the Real Property, as a result of any act or omission by Neto, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Neto, up to the value of the Real Property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

3.    The United States Department of Homeland Security shall seize and hold the Real Property in its secure custody and control.

4.    Pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b), United States Department of Homeland Security shall take any other appropriate steps to seize, forfeit, and dispose of the Real Property, giving notice as required by law.

5.    Upon the issuance of a Preliminary Order of Forfeiture
and pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C.
§ 982(b), United States Department of Homeland Security will
publish at least once for three successive weeks in a newspaper
of general circulation, notice of this Preliminary Order, notice
of the United States' intent to dispose of the Real Property in
such a manner as the Attorney General or his designee may direct,
and notice that any person, other than the Defendant, having or
claiming a legal interest in the Real Property must file a
petition with the Court within thirty (30) days of the final
publication of the notice or of receipt of actual notice,
whichever is earlier.  This notice shall state that the petition
shall be for a hearing to adjudicate the validity of petitioner's
alleged interest in the Real Property, shall be signed by the
petitioner under penalty of perjury and shall set forth the
nature and extent of the petitioner's right, title or interest in
the forfeited Real Property and any additional facts supporting
the petitioner's claim and the relief sought.  The United States
may also, to the extent practicable, provide direct written
notice to any person known to have an alleged interest in the
Real Property that is the subject of the Preliminary Order of
Forfeiture, as a substitute for published notice as to those
persons so notified.

6.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
MORRIS E. LASKER
United States Senior District Judge

Dated:_____