UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
       Plaintiff, )
   v. ) Criminal No. 05-10101-MEL
    )
JOSE NETO, )
       Defendant. )
     )
     )

## PRELIMINARY ORDER OF FORFEITURE

**LASKER, SENIOR D.J.,**

WHEREAS, on or about January 10, 2006, a federal grand jury sitting in the District of Massachusetts returned a forty-two count Superseding Indictment charging Defendant Jose Neto ("Neto" or the "Defendant"), with the following violations: Bribery of a Public Official, in violation of 18 U.S.C. § 201(b)(1) (Counts One through Nine); Inducing Aliens to Reside in the United States Illegally, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and 18 U.S.C. § 2 (Counts Ten through Thirty-Two); Harboring Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2 (Counts Thirty-Three through Thirty-Five); Harboring Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2 (Counts Thirty-Six through Forty); Extortionate Extension of Credit, in violation of 18 U.S.C. §§ 892 and 2 (Count Forty-One); and Hiring and Employing Illegal Aliens, in violation of 8 U.S.C. § 1324 a(a)(1-2) and (f) and 18 U.S.C. § 2 (Count Forty-Two);

WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Thirty-Five of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in the commission of each offense; and any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of each offense, or that is used to facilitate, or is intended to be used to facilitate, the commission of, any such violations, pursuant to 18 U.S.C. § 982(a)(6)(A), including, without limitation, the real property located at 27-33 Blain Street, Allston, Massachusetts, more specifically described in the deed recorded in the Suffolk County Registry of Deeds, Book 29514, Page 317, (the "Real Property");

WHEREAS, the Superseding Indictment further provided that, if any property subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the

Defendant, up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b);

WHEREAS, on April 3, 2006, the Defendant pled guilty to Counts One through Thirty-Two, and Count Forty-Two of the Superseding Indictment;

WHEREAS, on May 10, 2006, the Defendant was convicted by a jury of Counts Thirty-Three, and Thirty-Five through Forty of the Superseding Indictment;

WHEREAS, on May 10, 2006, the jury returned a special verdict, finding that the Real Property was used to facilitate, or was intended to be used to facilitate, the commission of the violation charged in Count Thirty-Three of the Superseding Indictment;

WHEREAS, as a result of Neto's conviction and the jury's verdict, and pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Real Property, or substitute assets, in a value up to the value of the Real Property.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the jury's

verdict, that the government has established the requisite nexus between the Real Property and the offenses of which the jury convicted the Defendant. Accordingly, all of the Defendant's interest in the Real Property is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b).

2. If the Real Property, as a result of any act or omission by Neto, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Neto, up to the value of the Real Property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

3. The United States Department of Homeland Security shall seize and hold the Real Property in its secure custody and control.

4. Pursuant to 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b), United States Department of Homeland Security shall take any other appropriate steps to seize, forfeit, and dispose of the Real Property, giving notice as required by law.

4

5.	Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 982(b), United States Department of Homeland Security will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Real Property in such a manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Real Property must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of petitioner's alleged interest in the Real Property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Real Property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Real Property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

_____
MORRIS E. LASKER
United States Senior District Judge

Dated: 7/20/06