UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
)
)
v. ) CRIMINAL NO. 05-10101-MEL
)
JOSE NETO, )
Defendant. )

**FINAL ORDER OF FORFEITURE**

**LASKER, D. J.**

WHEREAS, on January 10, 2006, a federal grand jury sitting in the District of Massachusetts returned a forty-two count Superseding Indictment charging Defendant Jose Neto (the "Defendant"), with the following violations: Bribery of a Public Official, in violation of 18 U.S.C. § 201(b)(1) (Counts One through Nine); Inducing Aliens to Reside in the United States Illegally, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), and 18 U.S.C. § 2 (Counts Ten through Thirty-Two); Harboring Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2 (Counts Thirty-Three through Thirty-Five); Harboring Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2 (Counts Thirty-Six through Forty); Extortionate Extension of Credit, in violation of 18 U.S.C. §§ 892 and 2 (Count Forty-One); and Hiring and Employing Illegal Aliens, in violation of 8 U.S.C. § 1324 a(a)(1-2) and (f) and 18 U.S.C. § 2 (Count Forty-Two);

1

WHEREAS, the Superseding Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in Counts One through Thirty-Five of the Superseding Indictment, of any conveyance, including any vessel, vehicle, or aircraft used in the commission of each offense; and any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of each offense, or that is used to facilitate, or is intended to be used to facilitate, the commission of, any such violations, pursuant to 18 U.S.C. § 982(a)(6)(A), including, without limitation, the real property located at 27-33 Blain Street, Allston, Massachusetts, more specifically described in the deed recorded in the Suffolk County Registry of Deeds, Book 29514, Page 317, (the "Real Property");

WHEREAS, on April 3, 2006, the Defendant pled guilty to Counts One through Thirty-Two, and Count Forty-Two of the Superseding Indictment;

WHEREAS, on May 10, 2006, the Defendant was convicted by a jury on Counts Thirty-Three, and Thirty-Five through Forty of the Superseding Indictment, and the jury also returned a special verdict finding that the Real Property was used to facilitate, or was intended to be used to facilitate, the commission of the violation charged in Count Thirty-Three of the Superseding Indictment;

WHEREAS, on July 20, 2006, this Court issued a Preliminary Order of Forfeiture, forfeiting Defendant's interest in the Real Property;

WHEREAS, ntice of the Preliminary Order of Forfeiture was served on all interested parties and published in the <u>Boston Herald</u> on August 1, 2006, August 8, 2006 and August 15, 2006; and

WHEREAS, no claims of interest in the Real Property have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on September 16, 2006.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America is now entitled to the forfeiture of all right, title or interest in the Real Property and it is hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 982(b).

3. All other parties, having any right, title, or interest in the Real Property, are hereby held in default.

                                                              */s/ Morris E. Lasker*
MORRIS E. LASKER
United States District Judge

Date: 1/18/07