AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| JOSE NETO | Case Number: **1: 05 CR 10101 - 001 - MEL** |
| | USM Number: 25555-038 |
| | John H. Cunha |
| | Defendant's Attorney |

☒ Additional documents attached

☐

**THE DEFENDANT:**
☑ pleaded guilty to count(s)    1s thru 32s and 42s
☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.
☑ was found guilty on count(s)   33s and 36s thru 40s
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:      Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 201 | Bribery of Public Official | 03/15/05 | 1s thru 9s |
| 8 USC § 1324(a) | Inducing Aliens to Reside in the United States Illegally | 03/15/05 | 10s thru 32s |
| 8 USC § 1324(a) | Harboring Illegal Aliens | 03/15/05 | 33s |
| 8 USC § 1324(a) | Harboring Illegal Aliens | 03/15/05 | 36s thru 40s |
| 8 USC § 1324(a) | Hiring and Employing Illegal Aliens | 03/15/05 | 42s |

   The defendant is sentenced as provided in pages 2 through __10__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)    34s
☐ Count(s)  35s and 41s   ☐ is  ☑ are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

01/23/07
Date of Imposition of Judgment

*/s/ Morris E. Lasker*
Signature of Judge

The Honorable Morris E. Lasker
Senior Judge, U.S. District Court
Name and Title of Judge

1/25/07
Date

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page 2 of 10

DEFENDANT: **JOSE NETO**
CASE NUMBER: **1: 05 CR 10101 - 001 - MEL**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **60** month(s)

This term consists of terms of 60 months on Counts 1 through 33 and 36 through 40 and 6 months on Count 42, to be served concurrently.
The defendant is to be credited with time served from 3/15/05 to present

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at _____ ☐ a.m. ☐ p.m. on _____
   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
a_____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

DEFENDANT: **JOSE NETO**
CASE NUMBER: **1: 05 CR 10101 - 001 - MEL**

Judgment—Page __3__ of __10__

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of : __24__ month(s)

This term consists of term of 2 years on Counts 1 through 33 and 36 through 40 and 1 year on Count 42, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

⬛AO 245B(05-MA)  Case 1:05-cr-10101-MEL    Document 78    Filed 01/25/2007    Page 4 of 17
(Rev. 06/05) Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

DEFENDANT: **JOSE NETO**  
CASE NUMBER: **1: 05 CR 10101 - 001 - MEL**

Judgment—Page __4__ of __10__

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

If ordered deported, the defendant is to leave the united States and is not to return without prior permission of the Secretary of the Department of Homeland Security.

## Continuation of Conditions of ☐ Supervised Release ☐ Probation

Judgment — Page 5 of 10

DEFENDANT: **JOSE NETO**
CASE NUMBER: **1: 05 CR 10101 - 001 - MEL**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| TOTALS | $ $3,810.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|

☐ See Continuation Page

| TOTALS | $ $0.00 | $ $0.00 |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for the ☐ fine ☐ restitution.
  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 6 of 10

DEFENDANT: **JOSE NETO**
CASE NUMBER: **1: 05 CR 10101 - 001 - MEL**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  [X] Lump sum payment of $ __$3,810.00__ due immediately, balance due

　　[ ] not later than _____ , or
　　[ ] in accordance  [ ] C,  [ ] D,  [ ] E, or  [ ] F below; or

B  [ ] Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] F below); or

C  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

[ ] See Continuation Page

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:

The real property located at 27-33 Blain Street, Allston, Mass. by Order of the Court on January 18, 2007

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **JOSE NETO**
CASE NUMBER: **1: 05 CR 10101 - 001 - MEL**
DISTRICT: **MASSACHUSETTS**

Judgment — Page 7 of 10

# STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☑ **The court adopts the presentence investigation report without change.**

B ☐ **The court adopts the presentence investigation report with the following changes.**
(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use Section VIII if necessary.)

    1   ☐ **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

    2   ☐ **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

    3   ☐ **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

    4   ☐ **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☑ No count of conviction carries a mandatory minimum sentence.

B ☐ Mandatory minimum sentence imposed.

C ☐ One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

    ☐ findings of fact in this case
    ☐ substantial assistance (18 U.S.C. § 3553(e))
    ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:   28
Criminal History Category:   III
Imprisonment Range:   78   to   97   months
Supervised Release Range:   2   to   3   years
Fine Range: $ 12,500   to $ 125,000
☑ Fine waived or below the guideline range because of inability to pay.

DEFENDANT: **JOSE NETO**  
CASE NUMBER: **1: 05 CR 10101 - 001 - MEL**  
DISTRICT: **MASSACHUSETTS**

Judgment — Page 8 of 10

# STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

- A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.
- B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons. (Use Section VIII if necessary.)
- C ☑ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual. (Also complete Section V.)
- D ☐ The court imposed a sentence outside the advisory sentencing guideline system. (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
  ☑ below the advisory guideline range
  ☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
  ☐ 5K1.1 plea agreement based on the defendant's substantial assistance
  ☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
  ☐ binding plea agreement for departure accepted by the court
  ☐ plea agreement for departure, which the court finds to be reasonable
  ☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
  ☐ 5K1.1 government motion based on the defendant's substantial assistance
  ☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
  ☐ government motion for departure
  ☐ defense motion for departure to which the government did not object
  ☑ defense motion for departure to which the government objected

3   **Other**
  ☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☑ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) | |

D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

DEFENDANT: **JOSE NETO**   Judgment — Page 9 of 10
CASE NUMBER: **1: 05 CR 10101 - 001 - MEL**
DISTRICT: **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A   **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Sentence imposed pursuant to** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.**  (Use Section VIII if necessary.)

| | | |
|---|---|---|
| DEFENDANT: | **JOSE NETO** | Judgment — Page 10 of 10 |
| CASE NUMBER: | 1: 05 CR 10101 - 001 - MEL | |
| DISTRICT: | MASSACHUSETTS | |

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A  ☑  Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

  1  ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

  2  ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

  3  ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

  4  ☐ Restitution is not ordered for other reasons. (Explain.)

D  ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Judge Lasker identified unfavorable and favorable factors which he intended to consider in determining the sentence as follows: 1) unfavorable factors included the deliberate nature of the offense--specifically bribery on numerous occasions regarding the immigration status of illegal aliens and the fact the the defendant had used and taken advantage of disadvantaged illegal aliens; 2) favorable factors included the fact that the defendant had pled guility to all but one count, the Judge's finding that the defendant is subject to deportation. The Judge then stated that based upon the aggrtegate of all of these factors, he was downwardly departing from the guildlines and imposingt a sentence of 60 months of incarceration.

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | Date of Imposition of Judgment 01/23/07 |
| Defendant's Date of Birth: 00/00/66 | *[signature]* |
| Defendant's Residence Address: 33 Blaine Street, Allston, Mass. 02350 | Signature of Judge<br>The Honorable Morris E. Lasker  Senior Judge, U.S. District Cou |
| Defendant's Mailing Address: Plymouth County Correctional Facility, 26 Long Pong Road, Plymouth, MA 02360 | Name and Title of Judge<br>Date Signed  1/25/07 |

```
             UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS


                       Criminal Action No. 05-10101-MEL

                              )
UNITED STATES OF AMERICA,     )
                              )
       Plaintiff,             )
                              )
v.                            )
                              )
JOSE NETO,                    )
                              )
       Defendant.             )
                              )


       BEFORE:  The Honorable Morris E. Lasker,
                  Senior District Judge


                 EXCERPT OF SENTENCING



       John J. Moakley United States Courthouse
                  Courtroom No. 8
                 One Courthouse Way
            Boston, Massachusetts  02210
             Tuesday, January 23, 2007
```

```
          Marcia G. Patrisso, RPR, CRR
             Official Court Reporter
        John J. Moakley U.S. Courthouse
         One Courthouse Way, Room 3507
           Boston, Massachusetts  02210
                 (617) 737-8728

     Mechanical Steno - Computer-Aided Transcript
```

1           THE COURT:  Right.  Would you and Mr. Neto
2   please stand.  I'm ready to proceed with sentencing, Mr.
3   Neto.  There's a lot of talk that I'll have to make, but
4   I'd like you to listen to it so you understand why I'm
5   doing what I'm doing.
6           You're here on nine counts of bribery of public
7   officials, 22 counts of inducing aliens to reside in the
8   United States illegally, and six counts of harboring
9   illegal aliens, all of which you pleaded guilty to; and
10  one count of hiring and employing illegal aliens in
11  violation of 8 United States Code, Section 1324(a) of
12  which you were found guilty by a jury.
13          I'm not going to go into the calculations of the
14  guidelines because I don't think there's any serious
15  dispute with the government -- rather, with the
16  Probation Department's calculations; I've used them only
17  as a springboard, but they do come to a point of
18  providing a guideline range of 78 to 97 months.  But
19  before I impose sentence, I wish to consider what I
20  think are the unfavorable factors against you and the
21  favorable factors for you.
22          Against you is the very deliberate nature of the
23  offense in bribing public officials on many, many
24  occasions to facilitate the illegal entry and employment
25  of illegal aliens as the -- and the deceptive use of

3

1   illegal green cards.
2           Against you, too, to some extent, sir, are the
3   points that Mr. Levenson makes about having taken
4   advantage of people who worked for you even though I
5   understand you were under economic pressure, and of
6   course they were under economic pressure.
7           In your favor is the fact that you pled guilty
8   to all but one of the counts, and you've understandably
9   exercised your right to a trial on the remaining count
10  because that count involved the loss of your home and
11  affected your family.  I understand that.
12          Also in your favor is the fact that you were
13  not -- that although you were not legally entrapped by
14  the government agents, your behavior was, no doubt,
15  influenced by the behavior of government agents in
16  encouraging the many illicit deals which were
17  consummated.  Also in your favor is the fact that you
18  face deportation upon conclusion of the term of
19  imprisonment.  I believe the aggregate of those factors
20  justifies a downward departure.
21          Accordingly, pursuant to the provisions of 18
22  U.S.C., Section 3553(a) that the sentence imposed be
23  sufficient but not excessive, it is the judgment of the
24  Court that the defendant, Jose Neto, is hereby committed
25  to the custody of the Bureau of Prisons to be imprisoned

4

```
 1   for a term of 60 months.  This term consists of 60
 2   months on Counts 1 through 33 and 36 through 40, and six
 3   months on Count 42, to be served concurrently.
 4           Now, Mr. Neto, you served a fair portion of that
 5   already, and you get further credit for each year, so
 6   that sentence will enable you to put your life back
 7   together while you're still a fairly young man.  You
 8   must listen now to the conditions of release.
 9           Upon release from imprisonment, the defendant
10   shall be placed on supervised release for a term of two
11   years.  This term consists of two years on Counts 1
12   through 33 and 36 through 40, and one year on Count 42,
13   all such terms to run concurrently.  That's the same
14   time.
15           Within 72 hours from release of custody from the
16   Bureau of Prisons, you shall report in person to the
17   district to which you are released.  No fine is imposed
18   as it is found that you do not have the financial
19   ability to pay a fine.
20           While on supervised release you shall comply
21   with the following terms of conditions:  You shall
22   comply with the standard conditions adopted by this
23   Court, set forth under the guidelines, which will be set
24   forth in detail on the judgment -- written judgment; you
25   shall not commit any other offense; you shall refrain
```

1  from any unlawful use of a controlled substance; you
2  shall submit to one drug test within 15 days of release
3  and at least two periodic drug tests thereafter not to
4  exceed 104 tests per year as directed by the probation
5  office; you shall submit to the collection of a DNA
6  sample as directed by the probation office; you are
7  prohibited from possessing a firearm, destructive device
8  or other dangerous weapon; and if ordered deported, you
9  shall leave the United States and not return without
10 prior permission of the secretary of the Department of
11 Homeland Security.
12         Finally, it is further ordered that the
13 defendant shall pay the United States a special
14 assessment of $3,810, which shall be due immediately.
15         Now, Mr. Neto, I'm sorry I had to read so much
16 detail, but essentially this means a five-year sentence
17 of which you have served a good part already and for
18 which you'll be given some further credit by further
19 service.  You can put your life together again.
20         I want to comment on the points made by Mr.
21 Levenson.  I think you did take advantage to some extent
22 of the people that worked for you, but I think it's an
23 oversimplification for us in the United States not to
24 accept responsibility for the fact that our immigration
25 policy is allowing so many people to come here, and then

```
 1    the community taking advantage of their cheap labor and
 2    then penalizing them, paying them poor wages and acting
 3    in a sanctimonious way toward this situation.  Of course
 4    what you did was illegal, and you're going to pay a
 5    penalty for it; and of course the people that worked for
 6    you were victimized and appeared very sad, but this is a
 7    national, if not an international problem, and it cannot
 8    all be solved by imprisonment.  Thank you.
 9            MR. LEVENSON:  Your Honor, just a technical
10    matter.  Under Rule 32(2)(B)(3) it's required that you
11    state in the oral portion of the sentence simply the
12    words "forfeiture" as provided in the written final
13    order of forfeiture, and that also will go into the
14    judgment.  There is a requirement of an oral statement
15    in court for that final order of forfeiture to be valid.
16            MR. CUNHA:  And I'd just ask that you make it
17    conditional upon the paper that I'm going to give you;
18    the pleading that I'm going to give you tomorrow, Judge.
19            THE COURT:  All right.  Well, is it necessary
20    for me to order it at this moment?
21            MR. LEVENSON:  I believe so, or else to bring
22    the defendant back so that he can --
23            THE COURT:  All right.  I will order that the
24    forfeiture occur with regard to property shown to be
25    subject to that forfeiture, but I will allow counsel to
```

```
 1   argue what property is subject to it.
 2          MR. CUNHA:  Thank you, Judge.
 3          THE COURT:  Excuse me.  I also want to notify
 4   the defendant that he has the right to appeal the
 5   sentence, and that he should confer with counsel if he
 6   wishes to do so.  He will file notice for it.
 7          THE CLERK:  All rise.  Court is now in recess.
 8          (The proceedings adjourned at 2:55 p.m.)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```