UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-10101-MEL |
| ) | |
| JOSE NETO, ) | |
| Defendant. ) | |
| ) | |

**UNITED STATES' MOTION TO DISMISS CLAIM FILED BY**
**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves to dismiss the Verified Claim of Mortgage Electronic Registration Systems, Inc., pursuant to Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure. As grounds therefore, the United States submits:

1. On May 10, 2006, the Defendant was convicted by a jury of Harboring Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(iii) and 18 U.S.C. § 2. The jury also returned a special verdict finding that the real property located at 27-33 Blain Street, Allston, Massachusetts, more specifically described in the deed recorded in the Suffolk County Registry of Deeds, Book 29514, Page 317, (the "Real Property") was used to facilitate, or was intended to be used to facilitate the commission of one of the harboring violations. The United States subsequently moved for forfeiture of the Real Property pursuant to 18 U.S.C. § 982(a)(6)(A).

2. On January 19, 2006, Mortgage Electronic Registration Systems, Inc. ("MERS") had filed a Verified Claim of interest in the Real Property (the "First Claim"). See Docket No. 37. In April 2006, the United States and MERS reached an expedited settlement of MERS' claim, whereby the United States recognized MERS as an innocent lien holder and agreed to pay MERS, as set forth in that agreement, upon forfeiture of the Real Property. A copy of the Expedited Settlement Agreement is submitted herewith as Attachment 1.

3. As set forth in the Expedited Settlement Agreement, the United States agreed that, upon entry of a Final Order of Forfeiture, it would not contest payment to MERS from the proceeds of the sale of the Real Property, after payment of taxes and expenses of custody and sale, of certain unpaid principle and interest on MERS' lien. See Attachment 1, ¶ 2. Pursuant to the Expedited Settlement Agreement, MERS specifically waived all of its attorneys fees. Id., ¶¶ 7 and 11. On January 5, 2007, in anticipation of a Final Order of Forfeiture, the undersigned forwarded a copy of the Expedited Settlement Agreement to the Department of Homeland Security, the agency responsible for disposing of the Real Property upon forfeiture.

4. On January 18, 2007, this Court endorsed a Final Order of Forfeiture, forfeiting the Real Property to the United States. See Docket No. 75. Upon resolution of the defendant's Motion to

Amend Judgment and Order of Forfeiture to Include Only 27-29 Blaine Street (Docket No. 80-1), the government will forward the Final Order of Forfeiture to the United States Department of Homeland Security, with instructions that the Real Property be disposed of in accordance with the Order and the Expedited Settlement Agreement.

    5.   On January 26, 2007, MERS filed a second Verified Claim regarding the Real Property (the "Second Claim"), stating that it "is owed $650,730.03 plus continuing interest and attorney's fees and costs."  <u>See</u> Docket No. 79-1.  While it is unclear what relief MERS seeks in its Second Claim, it is clear that the Expedited Settlement Agreement entered into between the United States and MERS should control any payment to MERS from proceeds of the sale of the Real Property.

    6.   Rule 32.2.(c)(1)(A) provides that, if a third party files a claim in the ancillary proceeding, "the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason."

    7.   Because the United States and MERS have already reached a settlement of the First Claim filed by MERS, the Second Claim is unnecessary.  Moreover, it appears to request relief to which MERS is not entitled under the Expedited Settlement Agreement previously entered into by the parties.  If the Court dismisses the Second Claim, MERS will not be prejudiced in any way – the

Expedited Settlement Agreement between MERS and the government controls the disposal of the Real Property pursuant to any Final Order of Forfeiture issued by this Court.

WHEREFORE, the government respectfully requests that the Court dismiss the January 26, 2007 Verified Claim of Mortgage Electronic Registrations Systems, Inc.

                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney,

                        /s/ Kristina E. Barclay
                        PAUL G. LEVENSON
                        KRISTINA E. BARCLAY
                        Assistant U.S. Attorneys
                        United States Courthouse
                        Suite 9200
                        1 Courthouse Way
                        Boston, MA 02210
Date: January 31, 2007       (617) 748-3100

**CERTIFICATE OF SERVICE**

I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that the foregoing Motion for Final Order of Forfeiture and the proposed Final Order, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                        /s/ Kristina E. Barclay
                        Kristina E. Barclay
                        Assistant U.S. Attorney

Dated: January 31, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 05-10101-MEL |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE NETO, | ) | |
| Defendant. | ) | |
| | ) | |

## EXPEDITED SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED by and between plaintiff United States of America and the Petitioner, Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, Flint, MI 48501-2026 (hereinafter "MERS"), to compromise and settle MERS's claim with respect to the following Property:

    a.    Certain real property including all buildings, appurtenances, and improvements thereon, located at 27-33 Blaine Street, Allston, Massachusetts, more specifically described in the deed recorded in the Suffolk County Registry of Deeds, Book 29514, Page 317, reflecting conveyance of the property on or about October 3, 2004, from John Kelleher and Cornelius Kelleher, as Co-Trustees of the Kilnap Realty Trust, to Jose P. Neto (the "Blaine Street Property").

This Expedited Settlement is entered into between the parties pursuant to the following terms:

    1.    The parties to this Agreement hereby stipulate that any violations of 21 U.S.C. § 853 involving the Blaine Street Property occurred without the knowledge and consent of MERS.

    2.    The United States agrees that upon sale of the property pursuant to an order of the Court, or upon sale of the property pursuant to entry by the Court of a Final Order of Forfeiture, the United States will not contest payment to MERS from the

proceeds of sale, after payment of outstanding taxes and expenses of custody and sale incurred by the United States, the following:

 a. any unpaid principal amount due to MERS in the amount of described in the Mortgage between Jose P. Neto and MERS, dated March 29, 2004, which was recorded in the official records of the Suffolk County Registry of Deeds in Book 34164, Page 008, and attached hereto as Exhibit A;

 b. all unpaid interest at the contractual (not default) rate under the above mortgage instrument[1].

3. Payment to MERS is conditioned upon the United States' prevailing against any competing claims, including any claims by the property owner.

4. The payments to MERS shall be in full settlement and satisfaction of all claims by MERS to the Blaine Street Property, which was named an Indictment, which a federal grand jury sitting in the District of Massachusetts returned on April 12, 2005, and of any claims resulting from and relating to the seizure, detention, and forfeiture of the Property.

5. Upon payment, MERS agrees to provide a discharge of mortgage in recordable form and hold harmless the United States, and any agents, servants, and employees of the United States, including, but not limited to, the United States Department of Justice, the United States Attorneys Office for the District of Massachusetts, the United States Department of Homeland Security,

---

[1] The government shall **not** be liable for any amount due MERS as listed in Paragraph 2(a) and (b) in excess of the sale price of the Blaine Street Property, less the government's expenses, upon the sale of the Blaine Street Property by the United States.

Bureau of Customs and Border Protection, as well as any State or local law enforcement agencies involved in the forfeiture of the Blaine Street Property, acting in their individual or official capacities, from any and all claims by MERS and its agents which currently exist or which may arise as a result of the government's action in connection with the Blaine Street Property.

6. As part of this settlement, MERS agrees not to pursue against the United States any other rights that they may have under the Mortgage, including but not limited to any right to foreclose upon and sell the property and any right to assess additional interest or penalties.

7. MERS agrees to waive all attorneys' fees under 18 U.S.C. § 2465.

8. MERS agrees to notify the United States promptly if it learns of any condition that might make an interlocutory sale appropriate. Without limitation, MERS shall notify the United States at the end of the first payment cycle in which a payment is not made by the debtor under the terms specified in the note. MERS further agrees to join in any motion by the United States for interlocutory sale of the property and any motions to remove occupants who fail to abide by the terms of an occupancy agreement. MERS shall endorse such government motions within ten days of receipt of the motion.

9. MERS understands and agrees that by entering into this

Expedited Agreement of its interest in the Blaine Street Property, they waive any rights to litigate further against the United States its interest in the Blaine Street Property and to petition for remission or mitigation of the forfeiture.

10.  MERS understands and agrees that the United States reserves the right to void the expedited settlement agreement if, before payment of the mortgage or lien, the United States obtains new information that the mortgagee or lienholder is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes.  The United States also reserves the right, in its discretion, to terminate the forfeiture at any time and release the subject property.  In either event, the Government shall promptly notify the mortgagee or lienholder of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees under 18 U.S.C. § 2465.

11.  Upon payment of the sale proceeds to MERS, MERS agrees to provide a discharge of its mortgage to the United States and to further implement the terms of this settlement.  Each party agrees to bear its own costs and attorneys' fees.

12.  Payment to MERS pursuant to this settlement agreement is contingent upon a court-authorized interlocutory sale of the Blaine Street Property or forfeiture of the Blaine Street Property to the United States, the United States' prevailing over any third-party claims, the court's entry of a final judgment of forfeiture, and sale of the Blaine Street Property pursuant to

the final judgment. The parties agree that any violation of any terms and conditions shall be construed as a violation of an order of the court.

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.
By Its Attorney

_/s/ Veronica C. Viveiros_
Veronica C. Viveiros, Esquire
HARMON LAW OFFICES, PC
150 California Street
Newton, MA 02458
(617) 558-8481

DATED: 4/10/06

THE UNITED STATES OF AMERICA
By Its Attorney
Michael J. Sullivan,
United States Attorney

_/s/ Kristina E. Barclay_
Kristina E. Barclay
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

DATED: 4/11/06

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By Its Representative

_/s/ Dan K. Eagle_

Mortgage Electronic Registration
Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026

DATED: