```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          v.                  )    Criminal No. 05-10101-MEL
                              )
JOSE NETO,                    )
          Defendant.          )
                              )
                              )
```

**UNITED STATES' OPPOSITION TO**
**DEFENDANT'S EMERGENCY MOTION TO STAY ORDER OF FORFEITURE**

The government respectfully opposes defendant Jose Neto's motion to stay the Final Order of Forfeiture issued by this Court on January 18, 2007.  As set forth below, it is well settled that a stay is not appropriate under the circumstances of this case.

The applicable statute is 21 U.S.C. § 853(h), incorporated by reference in 18 U.S.C. § 982(b):

> Following the seizure of property ordered forfeited under this section, the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent persons. ... Upon application of a person, **other than the defendant or a person acting in concert with him or on his behalf**, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding with the sale or disposition of the property will result in irreparable injury, harm, or loss to him.

(Emphasis added).  In addition, Rule 32.2(d) of the Federal Rules of Criminal Procedure provides:

> If a defendant appeals from a conviction or an order of forfeiture, the court **may** stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. ... If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

(Emphasis added).

As an initial matter, it is far from clear that the Defendant has standing to ask for a stay of the Court's Final Order of Forfeiture. Section 853(h) specifically prohibits a defendant from requesting a stay, while Rule 32.2(d) suggests that the Court has the discretion to grant a stay upon a defendant's request. Court have differed in their resolution of the apparent conflict between Section 853(h) and Rule 32.2(d). See United States v. Bachner, 741 F.Supp. 221 (S.D. Fl. 1990) (defendant does not have standing to request stay); United States v. Carmichael, 436 F. Supp.2d 1244 (M.D. Ala 2006) (Section 853(h) bars defendant from objecting to the sale of the forfeited property pending appeal; his interest in the property has been extinguished); United States v. Riedl, 214 F.Supp.2d 1079 (D. Hawaii 2001)(defendant has standing to request stay).

Regardless, the Court has discretion to deny the Defendant's request for a stay of the Final Order of Forfeiture – a stay is by no means mandatory, and in fact such stays are rare. Riedl, 214 F.Supp.2d at 1082 (stay denied); United States v. Hronek, 2003 WL 23374653 (N.D. Ohio 2003) (same) United States v. Neal,

2003 WL 24307070 at *8 n.5 (E.D. Va. 2003) (same); United States v. Kaufman, 2007 WL 121413 at *2 (D.Kan. 2007) (same); United States v. Houghton, 132 Fed.Appx. 130, 132, 2005 WL 1127082 at *1 (9th Cir. 2005) (same); United States v. Hill, 167 F.3d 1055, 1062-63 (6th Cir. 1999) (same); United States v. Lovett, 976 F.2d 740 (10th Cir. 1992)(noting without discussion that order of forfeiture as to one asset had been stayed pending appeal).

Factors considered by courts in determining whether a stay is appropriate include: (1) the likelihood of success on appeal; (2) whether the asset will depreciate over time; (3) the forfeited asset's intrinsic value to the Defendant; and (4) the expense of maintaining the forfeited property.  See Riedl, 214 F.Supp.2d at 1082 (citations omitted); Hronek, 2003 WL 23374653 at *1.

As made clear in the Court's careful ruling on the Defendant's motion to amend the judgment and order of forfeiture (Docket No. 86), the Defendant cannot show a substantial likelihood of success on appeal.  The jury found that the entire Real Property was subject to forfeiture, and the Court found that the Real Property was a single property for purposes of forfeiture.  The Defendant has virtually no likelihood of prevailing on appeal.

At this time, the United States has no information as to whether the Real Property will depreciate over time or regarding the costs of maintaining the Real Property, because it has been

3

unable to inspect the Real Property. Regardless, it does not appear that the Defendant will suffer irreparable harm absent a stay – that is, there is no intrinsic harm to the Defendant if the Real Property is sold. The Defendant is currently in prison serving a five-year sentence – the Real Property is not his primary residence. See Docket No. 78. Moreover, the United States submits that it will place any proceeds of the sale of the Real Property, less costs and expenses associated with the marketing and sale of the property, any unpaid taxes, and valid, superior liens, in an interest-bearing account pending resolution of the Defendant's appeal. While the Defendant would not get the Real Property back if his appeal is successful, he would be entitled to collect the net proceeds of the sale of the Real Property, plus any interest accrued thereon.

While the Defendant does not have standing to raise arguments in favor of a stay on behalf of third parties, the government will address the Defendant's assertion that "his family" will suffer irreparable harm and that the occupants of the Real Property were not given sufficient notice of the execution of the Final Order of Forfeiture. The Defendant was convicted by a jury in May 2006, and forfeiture of this property was first ordered on July 20, 2006. See Docket No. 62. Notice of the Preliminary Order of Forfeiture was posted at the Real Property on August 4, 2006 – the residents of the Real Property

have known for almost nine months that the Real Property would be forfeited to the United States.  <u>See</u> Docket No. 64.  On April 17, 2007, notice was posted at the Real Property that EG&G, contracted by the Bureau of Immigration and Customs Enforcement to handle real property disposition, would be at the Real Property on April 20, 2007 to conduct a building inspection.  <u>See</u> Ex. A.  The notice said nothing about vacating the property before April 20, 2007, nor did it say that any of the tenants would be evicted.  <u>Id.</u>

   The Defendant has had nearly a year's use of the Real Property – including receipt of rents from the rental units on the property – since the forfeiture was ordered.  The deterrence effect of criminal forfeiture is reduced by delay in execution and respect for the law is undermined by the Defendant's and his family's continued occupation of property that had been used for criminal purposes.

The Defendant clearly has not met his burden of establishing that a stay of the sale of the Real Property is warranted. Accordingly, for the reasons set forth above, the government respectfully opposes the Defendant's motion for stay.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ Kristina E. Barclay
PAUL G. LEVENSON
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
Date: April 23, 2007    (617) 748-3100

## CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: April 23, 2007

*Office of Investigations*
**U.S. Department of Homeland Security**
10 Causeway Street, Room 722
Boston, MA  02222



April 17, 2007

Residents of 27-33 Blaine Street:

**PLEASE BE ADVISED THAT THIS PROPERTY HAS BEEN FORFEITED TO THE UNITED STATES GOVERNMENT.**

**EG&G CONTRACTING COMPANY WILL BE TAKING CONTROL OF THIS PROPERTY.**

**ALL RESIDENTS ARE REQUESTED TO BE HOME ON FRIDAY APRIL 20, 2007 AT 11:00 A.M. REPRESENTATIVES OF EG&G WILL BE ON SITE TO CONDUCT A BUILDING INSPECTION**