# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 05-10101-MEL** |
| | ) | |
| **JOSE NETO** | ) | |
| | ) | |

## DEFENDANT'S REPLY TO UNITED STATES' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO STAY ORDER OF FORFEITURE

### INTRODUCTION

Pursuant to the Court's Order subsequent to the May 31, 2007 hearing on Defendant's Emergency Motion to Stay Order of Forfeiture, defendant Jose Neto hereby files his reply to the United States' Opposition to Defendant's Emergency Motion to Stay Order of Forfeiture ("Government's Memo") and the United States' Supplemental Memorandum in Opposition to Defendant's Emergency Motion to Stay Order of Forfeiture ("Government's Supplemental Memo"). Defendant incorporates herein by reference the arguments made in his Emergency Motion to Stay Order of Forfeiture and his Memorandum Regarding Stay of Forfeiture Order Regarding the Properties at 27-33 Blaine Street and in Support of Reconsideration ("Defendant's Memo").

Although the case law is sparse, the parties are in agreement that the factors the Court should consider in exercising its discretion under Rule 32.2(d) are: (1) whether there is a likelihood of success on appeal; (2) whether the asset will depreciate over time; (3) the forfeited asset's intrinsic value to the Defendant; and (4) the expense of maintaining the property. Despite the government's arguments, all of these factors weigh in favor of a stay. Additionally, the factor of the wife's interest in the property, also discussed by the parties, weighs compellingly in

favor of a stay, and the stay should be granted.

## ARGUMENT

I.    **Likelihood of Success on Appeal**

The Government's Supplemental Memo begins by erroneously asserting that, due to the

filing of an appeal, this Court has no jurisdiction to enter a stay herein, relying on *United States*

*v. Distasio*, 820 F.2d 20, 23 (1987).[1]  In fact, while *Distasio* states as a general principle that the

district court loses jurisdiction over most portions of a case once an appeal is filed, it recognizes

that there are exceptions to that rule, *id.*, and refers to the specific rule of Criminal Procedure at

issue therein to determine if the rule created an exception before determining that the district

court had no jurisdiction.  *Id.*  In contrast, Rule 32.2 (d) provides specifically:

> If a defendant appeals from a conviction or an order of forfeiture, the court may
> stay the order of forfeiture on terms appropriate to ensure that the property
> remains available pending appellate review.  A stay does not delay the ancillary
> proceeding or the determination of a third party's rights or interests.  If the court
> rules in favor of any third party while an appeal is pending, the court may amend
> the order of forfeiture but must not transfer any property interest to a third party
> until the decision on appeal becomes final, unless the defendant consents in
> writing or on the record.

This rule clearly and explicitly reserves to the district court jurisdiction to enter a stay during the

---

[1] The Government's Memo similarly begins by raising the question of defendant's
standing to bring the motion to stay, arguing that there is a conflict between 21 U.S.C. § 853 (h),
providing for stays when sought by third parties other than the defendant, and Rule 32.2 (d) of
the Federal Rules of Criminal Procedure, providing for stays at the request of the defendant.
Although the Government argues that § 853(h) prohibits the issuance of a stay at the defendant's
request, in fact, it merely fails to authorize a stay at the defendant's request, a completely
different proposition.  Furthermore, of the three cases referred to by the Government as
"differing" in their approach to resolving this purported conflict, one, *United States v. Bachner*,
741 F.Supp. 221 (S.D. Fl. 1990), interprets a prior version of the Rule, one, *United States v.
Carmichael*, 436 F.Supp.2d 1244 (M.D. Ala 2006) makes no reference at all to the Rule, and the
third, *United States v. Riedl*, 214 F.Supp.2d 1079 (D. Hawaii 2001)  finds that Rule 32.2 (d)
establishes defendant's standing to seek a stay.  This Court should follow Rule 32.2(d) and find
the defendant has standing to seek a stay herein.

pendency of an appeal. *See United States v. Bradley*, (S.D.Ga. No. 405CR059, May 17, 2007),

Part III C., "Appellate Jurisdiction."

The Government's Supplemental Memo also fails substantively to show that defendant

does not have a likelihood of success on appeal.  It argues only that defendant's appeal of his

Motion to Amend the Judgment and Order of Forfeiture to Include Only 27-29 Blaine Street is

unlikely to succeed, and fails entirely to address the appeal of the underlying conviction.[2]  As

shown in Defendant's Memorandum in Support of His Rule 29 Motion for Judgment of Acquittal

and in Opposition to the United States' Motion for Issuance of a Preliminary Order of Forfeiture,

defendant has a strong case, required by case law from the Sixth Circuit and supported by case

law from the Second and Ninth Circuits, that the facts proved herein did not establish the crime

on which the forfeiture is based, harboring an illegal alien.  Although this Court rejected

defendant's argument and denied his Rule 29 motion, whether defendant's actions in renting an

apartment to an illegal alien fell within the statutory meaning of "harboring" is a live question on

appeal, and one upon which defendant could very well succeed.  Because defendant has a

reasonable likelihood of success on appeal, this factor weighs in favor of the issuance of a stay.

## II.    Asset Depreciation and Expense of Maintaining the Property

As stated in Defendant's Memo, there is no risk herein of depreciation of the property or

question of expense of maintaining it to the government, because the property is being

maintained by defendant's wife, Marli Oliveira.  The Government's Memo took no position on

these issues, because it had not yet done an inspection of the property.  The Government's

Supplemental Memo was filed subsequent to an inspection of the property, but makes no claim

---

[2] Defendant relies on the argument in Defendant's Memo with regards to this question.

that the property was depreciating or going unmaintained.  These two factors, as defendant has

consistently maintained, both weigh in favor of issuing the stay.

### III.    Intrinsic Value of Property to the Defendant

The final factor, the intrinsic value of the property to the defendant, weighs most heavily

in the defendant's favor.  The property is defendant's home and primary residence, where his

wife, Marli Oliveira, and their child reside.  It is also the only source of income available to his

wife and child.  As such, it has a significant and irreplaceable intrinsic value, and the motion to

stay should be allowed on the strength of this point alone.

The Government's Memo and the Government's Supplemental Memo both err in

focusing on this issue as only asserting claims by the defendant's wife and minor child, rather

than asserting a claim of the defendant.  The government's argument dismissing as irrelevant the

intrinsic value of the property to defendant because defendant now resides in prison is grossly

incorrect and callously irresponsible.  There is no greater personal and fundamentally essential

interest a person can posses than the interest in the welfare and safety of his family.  Further,

defendant has a legal responsibility imposed upon him by the Commonwealth of Massachusetts

to materially provide for his wife and child.  *See, e.g.*, M.G.L. c. 273, § 1 (felony to abandon

wife and/or minor child without making reasonable provision for their support); M.G.L. c. 209, §

32 (authorizing probate court action for separate support).  Given that the property the

government seeks to seize, defendant's home, is the *only* source available to defendant to

provide that support, its intrinsic value to the defendant is considerable, and far outweighs any

benefit to the government in seizing the property now, rather than waiting until the appeals

process is concluded to determine whether the seizure is appropriate.

The fact that the property is defendant and his family's residence is a key factor to

consider in determining whether a stay is appropriate, and one which other courts have found

decisive.  *See United States v. Close*, (Idaho District Court, No. CR03-069-N-EJL, January 12,

2006), pp. 5-6 (even where property potentially depreciating in value, the "potential irreparable

injury ... if the property and residence were sold outweighs the government's interest on this

motion to stay"); *United States v. Riedl*, 214 F.Supp.2d 1079, 1083 (D. Hawaii 2001) (stay not

granted where property being forfeited not a primary residence, and not otherwise "special or

irreplaceable").  The Government's Supplemental Memo's reliance on *United States v. Bradley*,

(S.D.Ga. No. 405CR059, May 17, 2007) for the proposition that this factor does not weigh in

defendant's favor is misplaced.  The *Bradley* order specifically recognizes the interest intrinsic

value of a personal residence as a factor to be considered, but found that none of the properties at

issue were particularly special, and thus this factor did not outweigh other factors under

consideration.  *Id.*, at part III B.  Herein, all the factors point towards issuing the stay.

Furthermore, in determining how to pay a $39.5 million forfeiture order, plus additional

fines and assessments, the *Bradley* court was considering whether to stay the forfeiture of four

residences owned by the Bradleys, none of which was apparently the family home.  *See Co-

owner, and Interested Person, Maria Bradley's Motion to Stay the Sale of Certain Real Property

During the Pendency of Others' Appeals*, attached hereto as Exhibit 1 (arguing that her personal

home may be at risk of forfeiture at some point, but not identifying any of the four residences

covered by the instant motion as her personal home).  Even if one of the properties was the

family home, there is no sign in the motion or order that Mrs. Bradley would be left homeless or

destitute by the forfeiture.

Herein, the government does not even attempt to argue that the forfeiture will not leave

defendant's wife and minor child destitute and homeless.  Instead, it simply argues that because

she is allegedly illegally in the country, this Court should not consider her situation. Defendant does not have the luxury to disregard her state, either morally or as a matter of law. *See, e.g.,* M.G.L. c. 119, § 24 (authorizing DSS to take custody of a child where the parents cannot provide necessary care, without regard as to whether child or parents are illegal immigrants).

Ms. Oliveira was charged on March 15, 2005 with being illegally in the country. After an initial hearing before an Immigration Judge in February 2006, her case was continued until September 24, 2007. Government's Supplemental Memo, Exhibit A, ¶ 11. She has not been proven or determined to be illegally present, and even if she is, no action will be taken about that fact until at least September. The pending allegations are simply irrelevant to the fact that defendant's wife and minor child will be homeless and without income if the forfeiture is not stayed. How a property could have a higher intrinsic value to a defendant is hard to comprehend. In the civil context, the First Circuit has cautioned against "interpreting the forfeiture statute to promote some ideal of absolute deterrence, regardless of individual outcomes," *United States v. Real Property*, 261 F.3d 65, 74 (1st Cir. 2001), and this Court must heed that caution and issue the stay herein.

## IV.    The Wife's Interest In the Property

Although defendant asserts the intrinsic value of the property to him as a means of providing for his wife and minor child, rather than asserting his wife's interest in the property, if this Court in its discretion chooses to look at this factor in determining whether to stay the forfeiture, this factor also weighs in favor of a stay. As defendant's spouse, Ms. Oliveira has an equitable claim to the property under Massachusetts divorce law. M.G.L. c. 208, § 34. The First Circuit has not, so far as defendant has been able to determine, addressed whether a spouse's

equitable claim is cognizable in a criminal forfeiture action,[3] but in the civil forfeiture context, it has held that "[t]he term 'owner' should be broadly interpreted to include any person with a recognizable legal or equitable interest in the property seized." *Real Property*, 261 F.3d, at 71 n.5. Combined with its injunction in the same case that "federal forfeiture statutes must be narrowly construed because of their potentially draconian effect," *id.*, at 74, to the extent this Court chooses to consider Ms. Oliveira's interest in the property when determining whether the stay should issue, this factor too weighs in favor of issuing the stay.

<u>CONCLUSION</u>

For the foregoing reasons, all of the factors discussed by the parties as guides to this Court's exercise of its discretion weigh in favor of issuing a stay herein. This Court should exercise its discretion under Federal Rules of Criminal Procedure 32.2(d), and stay the forfeiture herein until such time as defendant's appeals have been exhausted.

DEFENDANT REQUESTS A FURTHER HEARING ON THIS ISSUE.

JOSE NETO
By his attorney,

/s/ *John H. Cunha Jr.*

John H. Cunha Jr.
B.B.O. No. 108580
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

Dated: June 14, 2007

H:\Word\Crim\Neto\Reply Memo re Forfeiture.wpd

---

[3] Other courts have split over this question. *See United States v. Totaro*, 345 F.3d 989, 997-999 (8th Cir. 2003), and cases cited therein.

7

<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing document was served via electronic filing upon AUSA Kristina E. Barclay, Office of the U.S. Attorney, 1 Courthouse Way, Boston, MA 02210.

/s/ *John H. Cunha Jr.*

John H. Cunha Jr.

8

**ORIGINAL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

CASE NO. CR405-59

v.

BIOMED PLUS, INC., et al.,

Defendants.

_____/

## CO-OWNER, AND INTERESTED PERSON, MARIA BRADLEY'S MOTION TO STAY THE SALE OF CERTAIN REAL PROPERTY DURING THE PENDENCY OF OTHERS' APPEALS

Maria Carmen Bradley, pursuant to 18 U.S.C. § 1963(f) and

§ 982(b)(1) (incorporating 21 U.S.C. § 853(h)),[1] moves for entry of an Order

staying the sale of enumerated non-cash assets and respectfully states:

### Introduction

Mrs. Bradley has a legal interest, equitable interest, or both, in certain

non-cash assets that are presently scheduled for liquidation. (Doc. # 895 ¶ 7.)

This liquidation arises in connection with the above-captioned RICO and

---

[1]     The Court has forfeiture jurisdiction pursuant to 18 U.S.C. § 1963 and § 982. 18 U.S.C. § 982(b)(1) provides that "[t]he forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by the provisions of section 413 (other than subsection (d) of that section) of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (*21 U.S.C. § 853*)" (emphasis supplied). 21 U.S.C. § 853(h), in turn, is identical to 18 U.S.C. § 1963(f).

**Lewis Tein** PL
ATTORNEYS AT LAW

3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

and prescription-drug-fraud prosecution. The corporation and individuals who were convicted are now appealing their judgments and sentences. (Doc. ## 743 749, 753, 755.) These appeals could eliminate the basis for the above liquidation of assets.

Mrs. Bradley is entitled to relief, in the meantime, under identical[2] asset-forfeiture provisions contained in both the Racketeer Influenced and Corrupt Organizations (RICO) Act and Comprehensive Drug Abuse Prevention and Control Act, as amended by the Comprehensive Forfeiture Act of 1984. *See* 18 U.S.C. § 1963(f); 18 U.S.C. § 982(b)(1) (incorporating 21 U.S.C. § 853 (h)). These provisions provide that "[u]pon application of a person, other than the defendant or a person acting in concert with or on behalf of the defendant, the court may restrain or stay the sale or disposition of the property pending the conclusion of any appeal of the criminal case giving rise to the forfeiture, if the applicant demonstrates that proceeding

---

[2]    The provisions are identical, except that 21 U.S.C. § 853(h) uses the gender-specific language and the RICO provision does not. *Compare* 18 U.S.C. § 1963(f) (using the phrase, "other than the defendant or a person acting in concert with or on behalf of the defendant"), *with* 21 U.S.C. § 853(h) (using the identically placed phrase, "with *him* or on *his* behalf") (emphasis added). *Cf. United States v. Nava*, 404 F.3d 1119, 1124 n.1 (9th Cir. 2005) ("We . . . consider cases and legislative history discussing [21 U.S.C. § 853 and 18 U.S.C. § 1963] *in analyzing either one*.") (emphasis added); *see also id.* (noting that "[t]he text of § 853 is 'substantially identical' to the criminal forfeiture provisions of the Racketeer Influence and Corrupt Organizations Act (RICO)" (*quoting United States v. Hooper*, 229 F.3d 818, 821 n.7 (9th Cir. 2000))).

**Lewis Tein** P.L.
ATTORNEYS AT LAW
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

with the sale or disposition of the property will result in irreparable injury, harm or loss to [her]." 18 U.S.C. § 1963(f); 18 U.S.C. § 982(b)(1) (incorporating 21 U.S.C. § 853(h)).

## Discussion

### 1. Overview

The Receiver has indicated that several "large properties [are] under contract." (Doc. # 895 ¶ 7.) The properties located in Crested Butte[3] (Doc. #898) and Winter Springs[4] (Doc. #899) are owned by Britt's Building Blocks, Inc. ("BBB"), a Florida corporation. BBB is one-half owned by Mrs. Bradley.[5] This gives Mrs. Bradley a direct interest in both properties, enough to present a risk of irreparable injury, harm, or loss in connection with their liquidation.

---

[3]    The Crested Butte property is located at 16 Snowmass Road, Unit #2, Silver Ridge Condominium, Mt. Crested Butte, Colorado. (Doc. # 898.)

[4]    The Winter Springs property, comprising separate parcels, is located at 164 and 166 West SR 434, Winter Springs, Florida (Doc. #899).

[5]    The other co-owner is Martin J. Bradley III, Mrs. Bradley's husband. Britt's Building Blocks, Inc. is named after the couple's daughter, Brittany Marie Bradley, suggesting an implied goal of providing for her future.

3

The Miami-Dade County property (Doc. # 890) is owned by Interland Associates.[6]  Mrs. Bradley has at least an equitable interest in this property, which is sufficient to confer standing under the statutes.

**2.**     **Mrs. Bradley Meets The Statutory Criteria For A Stay**

**A.**     **Mrs. Bradley is neither a defendant nor a  person who was alleged to have acted in concert with or on behalf of one.**

Mrs. Bradley lacks standing to appeal the within convictions, judgments, and sentences.  The anticipated liquidation, however, threatens to cause her irreversible harm, even if coincidentally, collaterally, or unintentionally.  This calls to mind "the basic constitutional principal that one cannot be bound by an *in personam* judgment resulting from litigation to which one is not a party."  *United States v. Reckmeyer*, 628 F. Supp. 616, 620 (E.D. Va. 1986) (Cacheris, J.) (*citing Zenith Radio Corp. v. Hazeltime Research, Inc,* 395 U.S. 100, 110 (1969)).

Based on a variety of considerations, including historical ones, "there is a general legal policy opposed to forfeitures."  *Howard v. Federal Crop Ins. Corp.,* 540 F.2d 695, 697 (4th Cir. 1976) (citations omitted).  *See also, e.g., United States v. Martino,* 681 F.2d 952, 962 (5th Cir. 1982) (en banc)

---

[6]    Interland Associates is owned two-thirds by Martin J. Bradley III and one-third by his father Martin Jr.

4

(16–7 decision) (Politz, J., dissenting) (explaining that "historically our society has abhorred forfeitures," adding that "the "very first Congress forbade the forfeiture of an estate because of a criminal conviction").

The stay mechanisms set forth in 18 U.S.C. § 1963(f) and § 982(b)(1) (incorporating 21 U.S.C. § 853(h)) reflect these concerns. As the court explained in *Reckmeyer*, "[r]ecognizing the harsh consequences *in personam* forfeiture can work on innocent persons, Congress, in passing the 1984 Criminal Forfeiture Act, also expressed its intent that these heavy economic sanctions ***not be imposed on innocent third parties***." 628 F. Supp. at 620 (emphasis added).

**B.    A stay pending the conclusion of any appeal of the criminal case is warranted.**

Mrs. Bradley seeks relief, not to validate a third-party interest or adjudicate a right in the instant *res*, but to obtain temporary relief as an "innocent third party." Creditors, and others wishing to adjudicate property rights, can utilize 18 U.S.C. § 1963(*l*) and 21 U.S.C. § 853(n). *But cf. United States v. Carmichael*, 440 F. Supp. 2d 1280, 1281 (M.D. Ala. 2006) (Thompson, J.) ("Section 853(h) . . . does not provide a means for a petitioner to validate an interest in property; rather, it permits the court to

stay the sale of forfeited property pending appeal upon a showing of irreparable harm.").

The purpose of this motion is not to avoid the procedural requirements of 21 U.S.C. § 853(n) or its RICO-forfeiture equivalent, 18 U.S.C. § 1963(*l*). *But see Carmichael,* 440 F. Supp. 2d at 1282–83 (M.D. Ala. 2006) (Thompson, J.) ("The court has no authority to create such an 'end run' around the explicit statutory requirements of § 853(n)"). Rather, Mrs. Bradley seeks only to avoid "irreparable injury."

Mrs. Bradley is not constrained to challenge or directly intervene in the underlying forfeiture. A stay is authorized under the plain language of 21 U.S.C. § 853(n) (and its RICO counterpart). And as 21 U.S.C. § 853(o) provides, "this Section shall be ***liberally construed*** to effectuate its remedial purposes." 21 U.S.C. § 853(o) (emphasis added). Moreover, it is a "fundamental maxim[] of statutory construction that the court should not interpret one provision so as to nullify the operative effect of another provision." *Mediplex of Massachusetts, Inc. v. Shalala*, 39 F. Supp. 2d 88, 97 (D. Mass. 1999) (Woodlock, J.).

In this regard, it is appropriate for the Court to stay the property located at 5000 S.W. 75th Avenue, Miami-Dade, Florida (Doc. # 890).

6

While Mrs. Bradley may not have a "legal" interest in this property, she nonetheless has a significant equitable interest in it.

The courts have found that one can make even a forfeiture challenge based solely on a non-legal interest. As the court expressed in *United States v. BCCI Holdings (Luxembourg), S.A.*, 46 F.3d 1185, 1990 (D.C. Cir. 1995), "it would just as much offend notions of due process for the government to scoop up property in which a third party has certain kinds of equitable interests as it would for the government to take property in which a third party has a 'legal' interest." *See also id.* ("At the end of the day, we agree with our sister circuits that have rejected the notion that Congress intended to draw the ancient, but largely ignored, distinction between technically legal and technically equitable claims in forfeiture challenges.").

For its part, 21 U.S.C. § 853(o) serves to "enhance the ability of the courts to protect the rights of third parties in forfeited property." *Reckmeyer*, 628 F. Supp. at 620. In this case, a stay could accomplish this goal very efficiently and obviate the need for collateral litigation.

In *United States v. Close*, No. CR03-069NEJL, 2006 WL 83509, at *1 (D. Idaho Jan. 12, 2006) (Lodge, J.)—a case remarkably similar to this one—the defendant had been "found guilty by a jury of thirty counts of

7

health care fraud, nine counts of money laundering, and one count of obstruction of a federal audit, and one count of obstruction of a federal health care fraud investigation."  In addition, a "superseding indictment [had] charged [the defendant] with two counts of criminal forfeiture whereby the government sought forfeiture of the gross proceeds of [the defendant's] health care fraud and money laundering violations including certain pieces of real property."  *Id.*, at *1 (emphasis added).

Besides seeking adjudicatory relief under 21 U.S.C. § 853(n), the petitioner moved for a stay under 21 U.S.C. § 853(h) pending appeal.  *Id.*, at *1.  The petitioner's motion concerned a "real property containing a residence."  *Id.*, at *3.  The district court granted the petitioner's motion for a stay and ruled that it would adjudicate the alleged third-party interests "in due course."  *Id.*, at *3.  The court explained its ruling by stating that "the potential irreparable injury to the trust if the property and residence were sold outweighs the government's interest on this motion to stay."  *Id.*, at *3.

In this case, it is untenable to suggest that the government would suffer anywhere near the prejudice that Mrs. Bradley would suffer should the Court enter a stay.  Nondefendant Norma Bradley has suggested, for example, that based on the anticipated sale of Bio-Med Plus, the Receiver

8

will soon have enough cash to satisfy the $39.5 million forfeiture judgment. (Doc. # 906.) Mrs. Bradley, on the other hand, stands to lose irreplaceable properties in which she has a legal interest, equitable interest, or both.

## C.    The imminent liquidation of the enumerated properties will cause Mrs. Bradley to suffer an irreparable injury, harm or loss.

Real properties are unique. Any liquidation of the enumerated properties will result in precisely the "irreparable injury, harm or loss" that 18 U.S.C. § 1963(f) and § 982(b)(1) (incorporating 21 U.S.C. § 853(h)) seek to avert. *See, e.g., Bean v. Indep. Am. Sav. Ass'n*, 838 F.2d 739, 743 (5th Cir. 1988) (Higginbotham, J.) (3–0 decision) ("[W]e agree with the district court that [the claimant] faces *irreparable injury* should [the property] . . . foreclose before we have determined the merits of the appeal."); *see also id.* (adding that "[b]ecause [the claimant] stands to lose interests in real property, which we presume are unique, *there is no adequate post-foreclosure remedy that could substitute for injunctive relief.*") (emphasis added).

In this case, Mrs. Bradley stands to lose—perhaps for naught—a number of irreplaceable properties. Even her family home is potentially vulnerable to forfeiture. (*See* Doc. #790) ("The Receiver is directed not to

seize or attempt to liquidate assets that are identified as exempted from forfeiture under this Court's April 3, 2006, Order Appointing Receiver and Monitor *unless the liquidation of all 'non-exempt' assets fails to satisfy the $39.5 million forfeiture judgment . . . ."*) (emphasis added).  *Cf. United States v. One Single Family Residence,* 894 F.2d 1511, 17 (11th Cir.1990) (holding that federal courts will look to state law only to determine property interests); *United States v. One Single Family Residence Located at 212 Airport Road South,* 771 F. Supp. 1214 (S.D. Fla. 1991) ("[T]his Court holds that federal forfeiture law under § 881(a)(7) preempts state law as to the subjectability of homestead property to forfeiture.").

Finally, Mrs. Bradley could lose even a right of appeal in the event she is denied a stay.  As it stands now, Mrs. Bradley is free to appeal from the consent forfeiture agreement comprising Docs. ## 598 and 599 ("the associated Receivership Order").  But should one of those properties be liquated, an appeal concerning that property would be mooted.  *See FDIC v. Meyer,* 781 F.2d 1260, 1263 (7th Cir. 1986) ("In the absence of a stay of the enforcement of a judgment, if a district court judgment authorizes the sale of property and the property is sold to a good faith purchaser during the

pendency of the appeal, *the sale of the property moots the appeal of the judgment ordering the sale.*") (citations omitted) (emphasis added).

## Conclusion

Mrs. Bradley meets the above criteria for a stay under 18 U.S.C. § 1963(f) and § 982(b)(1) (incorporating 21 U.S.C. § 853(h)) and respectfully submits that the proposed relief is warranted under the circumstances of this case.

WHEREFORE, Maria Carmen Bradley respectfully asks that the Court stay, pending the disposition of all potentially dispositive appeals, the liquidation of the following non-cash assets:

1.    500 S.W. 75th Ave., Miami, FL (Referenced at Doc. #890);

2.    16 Snowmass Road, Unit #2, Silver Ridge Condominium, Mt. Crested Butte, Colorado  (Referenced at  Doc. # 898);

3.    164 and 166 West SR 434, Winter Springs, FL (Referenced at Doc. #899); and

4.    3202 Alhambra Cir., Coral Gables, FL (Referenced at Doc. #599).

11

**Lewis Tein** PL
ATTORNEYS AT LAW

3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

Respectfully submitted,

LAW OFFICE OF BRIAN L. DALY
222 East Factors Walk
Savannah, Georgia 31401
Tel.: 912-233-4455/Fax: 912-233-4404

LEWIS TEIN, P.L.
The Offices at Cocowalk
3059 Grand Avenue, Suite 340
Coconut Grove, Florida 33133
Tel.: 305-442-1101/Fax: 305-442-6744

*Counsel for Maria Carmen Bradley*

By: _____
**Brian L. Daly**
brian@briandalylaw.com

**Guy A. Lewis**    *with express*
Fla. Bar No.: 62374    *permission*
lewis@lewistein.com
**Michael R. Tein**
Fla. Bar. No. 993522
tein@lewistein.com

*Admitted pro hac vice*

12

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by U.S. Mail this ___ day of April, 2007 on all persons listed on the following service list.

BRIAN L. DALY

**Lewis Tein** PL
ATTORNEYS AT LAW
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133

## SERVICE LIST

Roy E. Black, Esq.
Black, Srebnick, Kornspan & Stumpf, P.A.
201 S. Biscayne Blvd., Suite 1300
Miami, Florida 33131
*Counsel for Martin J. Bradley III*

G. Richard Strafer, Esq.
G. Richard Strafer, P.A.
2400 South Dixie Highway
Miami, Florida 31333
*Counsel for Martin J. Bradley III*

Thomas A. Withers, Esq.
Gillen, Cromwell, Parker & Withers, LLC
P.O. Box 10164
Savannah, Georgia 31412

AUSA Jeffrey J. Buerstatte
AUSA James D. Durham
Assistant United States Attorneys
P.O. Box 8970
Savannah, Georgia 31412

Robert Marcovitch, Esq.
Robert P. Marcovitch, LLC
75 Fourteenth Street
Suite 2500
Atlanta, Georgia 30309
*Counsel for BioMed Plus, Inc.*

Arthur W. Leach, Esq.
2310 Marin Drive
Birmingham, Alabama 35243
*Counsel for BioMed Plus, Inc.*

14

Marta Alfonso, CPA
Rachlin, Cohen & Holtz, LLP
One Southeast Third Avenue, 10th Floor
Miami, Florida 33131
*Receiver for BioMed Plus, Inc.*

C. Thomas Tew, Esq.
Dennis A. Nowak, Esq.
Tew Cardenas LLP
Four Seasons Tower,
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
*Counsel to the Receiver*

Alex Zipperer, Esq.
Zipperer, Loberbaum & Beauvais
P.O. Box 9147
Savannah, Georgia 31412
*Counsel for Martin J. Bradley Jr.*

John R. Howes, Esq.
633 Southeast 3rd Avenue, Suite 4R
Fort Lauderdale, Florida 33301
*Counsel for Albert L. Tellechea*

David O. Markus, Esq.
1200 Alfred I. DuPont Bldg.
169 East Flagler Street
Miami, Florida 33131
*Counsel for Albert L. Tellechea*

Anthony L. Cochran, Esq.
Chilivis Cochran
3127 Maple Drive, N.E.
Atlanta, Georgia 30305
*Counsel for Norma Bradley*

**Lewis Tein** PL
ATTORNEYS AT LAW
3059 GRAND AVENUE, SUITE 340, COCONUT GROVE, FLORIDA 33133