# United States Court of Appeals
## For the First Circuit

Nos. 07-1268
     07-1478

UNITED STATES,

Appellee,

v.

JOSE NETO,

Defendant, Appellant.

Before

Boudin, <u>Chief Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Lynch, <u>Circuit Judge</u>.

JUDGMENT

Entered: December 5, 2007

 Appellant, Jose Neto, appeals the forfeiture of his interest in property at #27-#33 Blaine Street on the ground that it violates the Excessive Fines Clause of the Eighth Amendment. The government has moved for summary disposition. Having carefully reviewed the case, we conclude that summary affirmance is appropriate.

 Appellant did not timely raise this claim, so review is for plain error. See <u>United States</u> v. <u>Beras</u>, 183 F.3d 22, 28 (1st Cir. 1999) (excessive fines argument not raised at trial reviewed for plain error). While we agree that the forfeiture here constitutes a punishment for an offense, we hold that the punishment was not grossly disproportional under the Eighth Amendment. See <u>United States</u> v. <u>Bajakajian</u>, 524 U.S. 321, 336-37 (1998). In arriving at this conclusion, we considered (1) whether appellant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature and the Sentencing Commission; and (3) the harm appellant caused. See

United States v. Heldeman, 402 F.3d 220, 223 (1st Cir. 2005). Within this rubric, the most important consideration is whether the forfeiture falls below the statutory or guideline maximum. See id. (relying heavily on fact that forfeiture was less than statutory or guideline maximum without taking a position on whether that fact ought to be conclusive or strongly suggestive). There is no disagreement that the potentially forfeitable equity in the property is approximately $205,000 and that the maximum statutory fine for Neto's harboring violation is $250,000. Thus, the forfeiture is below the maximum fine. Moreover, appellant was guilty of renting multiple apartments to an illegal alien for multiple years. Thus, this case appears to fall into the heartland of harboring offenses both as to its character and its level of harm.

Appellant urges us additionally to consider the fact that the evidence establishes wrongdoing in only a portion of the forfeited property. In Bajakajian, however, the Supreme Court held that the inquiry under the Excessive Fines Clause does not concern whether the property at issue was an instrumentality of the crime but only whether it is proportional to the gravity of the offense. See 524 U.S. at 333-34. Nor do we find persuasive appellant's claims that the fate of his family and the sequence in which he learned that he was harboring an alien ought to be given considerable weight. There was no plain error.

Accordingly, we GRANT the government's motion and AFFIRM the district court judgment. See 1st Cir. R. 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

MARGARET CARTER

By: _____
Chief Deputy Clerk.

Deputy Clerk

Date: _____

[cc: Charles K. Stephenson, Esq., George W. Vien, AUSA, Paul Getz Levenson, AUSA, Dina M. Chaitowitz, AUSA, Eugenia M. Carris, AUSA, Kristina E. Barclay, AUSA]