UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE NETO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 08-10018-NMG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION ON PETITIONER'S MOTION TO VACATE AND MOTION TO APPOINT COUNSEL

June 10, 2009

DEIN, U.S.M.J.

## I.  INTRODUCTION

The Petitioner, Jose Neto, is presently serving a 60 month federal sentence for bribery, harboring illegal aliens, and employing illegal aliens.  He pled guilty to many of the charges, and was found guilty following a jury trial on others.  The Petitioner has filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Docket No. 1).  This matter is presently before the court on the Petitioner's motion to appoint counsel (Docket No. 9) and the government's motion for summary dismissal of the petition.  (Docket No. 7).  For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the motion to appoint counsel be DENIED, and that the motion for summary dismissal be ALLOWED.  Therefore, the Petitioner's motion to vacate (Docket No. 1) should be DENIED.

## II.  <u>STATEMENT OF FACTS</u>

On April 12, 2005, a federal grand jury returned a 36 count indictment alleging that Jose Neto bribed a public official, in violation of 18 U.S.C. § 201 (counts 1-9); induced various aliens to reside in the United States illegally, in violation of 8 U.S.C. § 1324(a) (counts 10-32); harbored illegal aliens, in violation of 8 U.S.C. § 1324(a) (counts 33-35); and employed illegal aliens, in violation of 8 U.S.C. § 1324(a) (count 36). (<u>See</u> Docket in <u>United States v. Neto</u>, 1:05-cr-10101-MEL) (hereinafter "Trial Docket")). A superseding indictment was returned on January 10, 2006, which added four additional counts of harboring illegal aliens (counts 37-40), one count of employing illegal aliens (count 42), and an additional count alleging extortionate extension of credit (count 41), which count was subsequently dismissed by the government.  In connection with the allegations of bribery, inducing aliens to remain, and harboring, the government sought forfeiture of Neto's property located at 27-33 Blaine Street in Allston, Massachusetts.

On April 3, 2006, the Petitioner plead guilty to counts 1-32 and count 42 (bribery, inducing aliens to remain in the United States illegally, and hiring and employing illegal aliens).  A jury trial was held beginning on May 8, 2006.  At trial,[1] seven witnesses testified that they were in the United States illegally, that the Petitioner knew they were here illegally, and that the Petitioner rented them housing.  (<u>See</u> Trial Tr. I:91-99, 103, 109 (Wellington Alves Flores); Trial Tr. I:146, 148, 158-59, 160 (Paulo Sergio Alves);

---

[1]  The Government has filed excerpts from the trial, plea hearing and sentencing hearing transcripts by hand, under cover letter dated May 29, 2008.

Trial Tr. II:35, 37, 40, 47 (Rogerio Gianei); Trial Tr. II:72, 74-75, 79, 84 (Flavio

Fernandez Marques); Trial Tr. II:102-04, 109, 110 (Franceslone Pereira); Trial Tr. II:127,

134, 141, 144-45 (Arleto DaSilva); Trial Tr. II:150-51, 160-62, 166 (Roberto Candido

Veira)).  Five of these witnesses also testified that the Petitioner had hired them to work

at Spectro Cleaning, his cleaning company.  (See Trial Tr. I:103 (Wellington Alves

Flores); Trial Tr. I:152 (Paulo Sergio Alves); Trial Tr. II:39-40 (Rogerio Gianei); Trial

Tr. II:77 (Flavio Fernandez Marques); Trial Tr. II:106 (Franceslone Pereira)).  On May

10, 2006, the jury found the Petitioner guilty on counts 33 and 35-40.[2]  In addition, the

jury returned a special verdict finding that the property at 27-33 Blaine Street was subject

to forfeiture.  On January 23, 2007, the trial judge, Lasker, J., sentenced the Petitioner to

60 months on counts 1-33 and 36-40, and six months on count 42 to be served

concurrently, followed by probation.  In addition, the court ordered that Neto forfeit his

interest in the property at 27-33 Blaine Street.

The Petitioner filed a timely notice of appeal.  He was represented by new

appellate counsel.  The sole issue on appeal was whether the forfeiture of Neto's interest

in the real property violated the Excessive Fines Clause of the Eighth Amendment.

United States v. Neto, No. 07-1268, 2007 WL 5209427 (1st Cir. Jan. 6, 2007).  The First

Circuit held that the punishment was not grossly disproportional under the Eighth

Amendment.  Id. at *1.  The judgment below was affirmed.

---

[2]  The jury found the Petitioner not guilty on count 34, and the government subsequently
moved to dismiss count 36.

The Petitioner has brought a timely pro se habeas petition under 28 U.S.C. § 2255. He claims that (1) the trial court erred in entering the property forfeiture order; (2) the Petitioner's guilty plea was involuntary; (3) the prosecution produced insufficient evidence for conviction; (4) his entrapment defense precluded his conviction of bribery; (5) trial counsel provided ineffective assistance by failing to object to witnesses' testimony; and (6) that he had insufficient time to review the presentence report.  In addition, he has filed a motion to appoint counsel, which will be addressed first.

## II.  MOTION TO APPOINT COUNSEL

Neto has filed a motion for the appointment of counsel pursuant to Fed. R. Crim. P. 44(a), claiming that he is entitled to counsel "on appeal."  (Docket No. 9).  However, Petitioner has exhausted the direct appeal of his criminal conviction and now moves to vacate through this civil habeas proceeding.  "A convicted criminal has no constitutional right to counsel with respect to habeas proceedings."  Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002) (citing Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993, 95 L. Ed. 2d 539 (1987)); see also Bemis v. Kelly, 857 F.2d 14, 15 (1st Cir. 1988) (no constitutional right to counsel in a civil case).  Nevertheless, an indigent litigant may establish exceptional circumstances to justify the appointment of counsel. Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986).  However, cases warranting the appointment of counsel for § 2255 petitions are "few and far between."  Ellis, 313 F.3d at 653.

To determine whether exceptional circumstances exist, courts consider several factors including, without limitation, the complexity of the legal issues involved, the ability of the litigant to conduct factual investigations to support his claim, and the litigant's ability to present his case.  Cookish, 787 F.2d at 3 (citations omitted); see also United States v. Mala, 7 F.3d 1058, 1063-64 (1st Cir. 1993) (considering petitioner's likelihood of success, complexity of issues, and undeveloped factual record in deciding to appoint counsel in the context of § 2255 petition).  In the instant case, a review of these factors compels the conclusion that the appointment of counsel is not warranted.

Here, Petitioner's claims are neither factually nor legally complex, and there are no factual allegations that require further development.  See, e.g., Cookish, 787 F.2d at 3 (denying plaintiff's motion to appoint counsel when the facts relating to the claim were relatively straight-forward).  Additionally, while the petition lacks eloquence, Petitioner has explained his claims and has "demonstrated an understanding of the issues."  Bemis, 857 F.2d at 16 (denial of appointment affirmed where allegations were "clearly stated" and the "facts and legal issues were not excessively complex.").  "The circumstances of the petitioner's case are not such as to demand the appointment of counsel" and Neto's motion for appointment of counsel (Docket No. 9) should be denied.  See Ellis, 313 F.3d at 653.

### III.  **MOTION TO VACATE**

As noted above, the Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is based on a number of grounds, specifically that: (1) the trial court erred in entering the property forfeiture order; (2) Petitioner's guilty plea was involuntary; (3) the prosecution produced insufficient evidence for conviction; (4) an entrapment defense precluded the conviction for bribery; (5) his trial counsel provided ineffective assistance; and (6) the U.S. Probation Office failed to provide Petitioner with its pre-trial report in a timely manner.  For the reasons detailed herein, none of these grounds establishes a basis for vacating Neto's conviction and sentence, and the motion to vacate should be denied.

### A.  **Standard of Review**

28 U.S.C. § 2255 sets forth the governing standard for federal habeas corpus petitions:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255.  Thus, habeas relief is "available to attack convictions and sentences entered by a court without jurisdiction" or which "encompass claims of constitutional error[.]"  United States v. Addonizio, 442 U.S. 178, 185, 99 S. Ct. 2235, 2240, 60 L. Ed. 2d 805 (1979).  However, where, as here, the claim does not allege a lack of jurisdiction

or constitutional error, the scope of a collateral attack is "far more limited" and is restricted to situations where the claimed error constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." Id. (quoting Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417 (1962)). See also United States v. Timmreck, 441 U.S. 780, 784, 99 S. Ct. 2085, 2087, 60 L. Ed. 2d 634 (1979) (where alleged violation is neither constitutional nor jurisdictional, there is no habeas review unless the error resulted in a "complete miscarriage of justice" or resulted in a proceeding "inconsistent with the rudimentary demands of fair procedure.") (quoting Hill, 368 U.S. at 428, 82 S. Ct. at 471).

The established "principle that collateral review is different from direct review resounds throughout our habeas jurisprudence." Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S. Ct. 1710, 1719, 123 L. Ed. 2d 353 (1993). "Direct review is the principal avenue for challenging a conviction." Id. "Postconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994) (citing Brecht).

Assuming some collateral review is appropriate, as a general rule, claims not raised on direct appeal are procedurally defaulted and can only be reviewed in connection with a habeas petition if the "petitioner shows either cause for the default and prejudice from the claimed violation of federal law, or that a fundamental miscarriage of justice will result if the claim is not considered." Gunter v. Maloney, 291 F.3d 74, 78 (1st Cir. 2002) (citing Coleman v. Thompson, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d

640 (1991)).[3]  <u>Accord</u> <u>Obershaw v. Lanman</u>, 453 F.3d 56, 67-68 (1st Cir. 2006).  "In the

habeas context, cause is a term of art.  To excuse a procedural default a petitioner's cause

must relate to an objective factor, external to the defense, that thwarted (or at least

substantially obstructed) the efforts of the defendant or his counsel to obey the state's

procedural rule.  Mere attorney error, not amounting to ineffective assistance in a

constitutionally significant sense, is insufficient to constitute cause."  <u>Burks v. Dubois</u>, 55

F.3d 712, 716-17 (1st Cir. 1995) (internal citations omitted).  "[A]n error generally is

considered prejudicial if there is a strong possibility that it affected the outcome of the

trial."  <u>Ouber v. Guarino</u>, 293 F.3d 19, 33 (1st Cir. 2002).

Absent a showing of cause and prejudice, a federal court will overlook a

procedural default and hear a barred constitutional claim on the merits only "if its failure

to do so would result in a fundamental miscarriage of justice."  <u>Burks</u>, 55 F.3d at 717.

"This is a narrow exception to the cause-and-prejudice imperative, seldom to be used, and

explicitly tied to a showing of actual innocence."  <u>Id.</u>  Though "a habeas petitioner need

not prove his innocence beyond all doubt," he must "show a probability that a reasonable

jury would not have convicted but for the constitutional violation" in order "to reach the

---

[3]  The doctrine of procedural default arises out of "the long-standing rule that federal courts do not review state court decisions which rest on 'independent and adequate state ground[s].'  Such independent and adequate state grounds exist where 'the state court declined to hear [the federal claims] because the prisoner failed to meet a state procedural requirement.'  In such a case, '[c]onsiderations of comity and federalism bar the federal court's review.'"  <u>Simpson v. Matesanz</u>, 175 F.3d 200, 205-06 (1st Cir. 1999) (internal citations and punctuation omitted), <u>cert. denied</u>, 528 U.S. 1082, 120 S. Ct. 803, 145 L. Ed. 2d 677 (2000).

safe haven of the miscarriage exception[.]"  <u>Id.</u> at 718.  The petitioner's burden in connection with a claim of innocence "is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."  <u>House v. Bell</u>, 547 U.S. 518, 538, 126 S. Ct. 2064, 2077, 165 L. Ed. 2d 1 (2006).  Review of a case in light of a claim of actual innocence occurs only in the "extraordinary case."  <u>Id.</u> at 536, 126 S. Ct. at 2076 (internal citation omitted).  Although the list is not exhaustive, "[r]eliable evidence," such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" is necessary to mount an actual innocence claim.  <u>Id.</u> at 537, 126 S. Ct. at 2077 (internal quotation omitted).

Applying these principles to Neto's various claims compels the conclusion that his motion to vacate must be denied.

## B.   <u>Forfeiture</u>

Petitioner challenges the order that his property be forfeited and argues that the items seized were part of his legal business and distinct from his criminal conduct.  (<u>See</u> Petition at (g)).  This argument was rejected by the First Circuit.  <u>See</u> <u>Neto</u>, No. 07-1268, 2007 WL 5209427, at *1 (1st Cir. Jan. 6, 2007) ("the inquiry under the Excessive Fines Clause does not concern whether the property at issue was an instrumentality of the crime but only whether it is proportional to the gravity of the offense.").  In any event, Neto's challenge to the forfeiture order "is not cognizable in a § 2255 proceeding since [he]

seeks only relief from a monetary-type penalty and not release from confinement."

Rodriguez v. United States, No. 95-2322, 1997 WL 770636, at *1 (1st Cir. Dec. 12,

1997) (citing Smullen v. United States, 94 F.3d 20, 25 (1st Cir. 1996) (holding that a

claim that a defendant is entitled to a reduced restitution order falls outside the scope of §

2255)).  See also Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997) ("§ 2255 is

not available to challenge an order of restitution imposed as part of a criminal sentence"

since it does not involve a claim of a "right to be released" as required by § 2255).  Thus,

Neto's challenge to the forfeiture order does not constitute a basis to vacate his

conviction or sentence.

### C.    Guilty Plea

Neto contends that his guilty plea was not voluntary because he understood his

guilty plea to encompass the purchase of documents but not the bribing of public officials

and, accordingly, the court entered his guilty plea in error.  (Petition at (e)).  This

argument must fail both because it is procedurally defaulted, and because it is not

supported by the record.

"It is a bedrock principle that, under ordinary circumstances, the voluntariness of a

guilty plea can be questioned on collateral review under 28 U.S.C. § 2255 only if, and to

the extent that, the plea has been challenged on direct appeal.  If a federal habeas peti-

tioner challenges his conviction or sentence on a ground that he did not advance on direct

appeal, his claim is deemed procedurally defaulted."  Oakes v. United States, 400 F.3d

92, 95 (1st Cir. 2005) (internal citation omitted).  In the instant case, Neto did not

challenge his guilty plea and this claim of error is procedurally defaulted.  Moreover, he

has not established cause and prejudice warranting collateral review, nor has he put forth

any new evidence of actual innocence.  Neto had different counsel on appeal, and there is

no evidence in the record indicating that counsel was in any way prevented from raising a

claim about the voluntariness of the guilty plea.  Therefore, this claim is not cognizable

under § 2255.

The record also refutes the merits of the Petitioner's claim.  The transcript from

the change of plea (Government Ex. 1) evidences that Judge Lasker expressly stated that

Counts 1 through 9 of the Indictment were for bribery.  (Tr. at 6).  After reiterating that

Counts 1 through 9 "have to do with bribing public officials in connection . . . with

having aliens in this country," the Judge asked Neto to tell him "briefly what you did that

makes you guilty of that charge" to which Neto responded that he "paid the money to get

the green cards" and that he knew that that was illegal at the time.  (Tr. at 7).  Such

admissions sufficiently constitute bribery under 18 U.S.C. § 201(b).  The transcript

refutes the Petitioner's contention that he did not know that he was pleading guilty to

bribery.

For all these reasons, the Petitioner's motion to vacate based on his challenge to

his guilty plea should be denied.

### D.    Sufficiency of Evidence and Entrapment

The Petitioner alleges that government officials entrapped him into bribery and

that the government's inability to produce a verbal recording of the Petitioner bribing the

officials amounts to insufficient evidence for conviction.  (See Petition at (c), (d)).  These arguments also are without merit.

First, the Petitioner plead guilty to the bribery charges, thereby excusing the government from producing the challenged evidence at trial and eliminating Petitioner's potential entrapment defense.[4]  Second, these claims are neither constitutional nor jurisdictional and are not appropriately reviewed under § 2255.  Petitioner has not put forth any new facts indicating actual innocence to warrant habeas review under a miscarriage of justice exception.  Finally, Petitioner failed to raise any of these allegations on appeal, procedurally barring them from habeas review absent a showing of cause and prejudice, which Petitioner does not attempt to make.  Again, there is no indication in the record that appellate counsel was precluded in any way from raising these claims.  Consequently, the motion to vacate based on a claim of entrapment and insufficient evidence should be denied.

### E.    Ineffective Assistance of Counsel

Neto contends that he is entitled to habeas relief due to the ineffective assistance of trial counsel.  Specifically, the Petitioner contends that Special Agent Theresa Courtney perjured herself, without objection by trial counsel, and that counsel failed to

---

[4]  Judge Lasker credited Petitioner's claim that he was "encouraged" by government agents to participate in the many illicit deals in deciding to downwardly depart from the sentencing guidelines.  (See Sentencing Tr. (Resp. Ex. 4) at 22).

object to inconsistencies in the testimony of Mr. Viera.  (Petition at (b)).  These arguments fail as a matter of law and fact.

Normally and as previously discussed, failure to raise a constitutional issue on direct appeal will bar raising the issue on collateral attack unless the petitioner can show cause for the failure and actual prejudice.  However, "[i]n light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."  Massaro v. United States, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003).  Consequently, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."  Id. Accordingly, this Court analyzes Petitioner's ineffective assistance of counsel claim under the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  As the Strickland court held, to establish a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687, 104 S. Ct. at 2064.  See also Knowles v. Mirzayance, 129 S. Ct. 1411, 1413,

173 L. Ed. 2d 251 (2009) ("defendant must show both deficient performance and

prejudice in order to prove that he has received ineffective assistance of counsel").

"Under the first prong of Strickland, there is a 'strong presumption' that counsel's

strategy and tactics fall 'within the range of reasonable professional assistance,' and

courts should avoid second-guessing counsel's performance with the use of hindsight."

Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (quoting Strickland, 466 U.S. at 689,

104 S. Ct. at 2065).  "It is only where, given the facts known at the time, counsel's choice

was so patently unreasonable that no competent attorney would have made it, that the

ineffective assistance prong is satisfied."  Id. (quotations and citation omitted).

"Under the prejudice prong, not all errors by counsel are sufficient to meet the

standard of a reasonable probability that, but for the counsel's errors, the result of the

proceeding would have been different."  Id.  The probability must be "sufficient to

undermine confidence in the outcome," and the burden is a "heavy" and "highly

demanding" one.  Id. (internal quotations and citations omitted).  "A defendant's failure

to satisfy one prong of the Strickland analysis obviates the need for a court to consider

the remaining prong."  Id.  The Petitioner bears the burden of proof, by a preponderance

of the evidence, on both prongs of the Strickland test.  Scarpa v. Dubois, 38 F.3d 1, 9 (1st

Cir. 1994).  Applying these standards to the instant case, the motion to vacate should be

denied.

Petitioner has failed to meet the first prong of Strickland, and has not established that counsel's performance was deficient.  Thus, Neto contends that his counsel failed to object to inconsistencies in Special Agent Theresa Courtney's testimony when Special Agent Courtney perjured herself. (See Petition at (b)).  Additionally, Petitioner alleges that his trial counsel failed to object to the government's leading questions of witness Mr. Veira, or the inconsistencies elicited through that testimony.  (See id.).  However, like Respondent (see Government's Resp. (Docket No.7) at 15-17), the Court's review of the record fails to uncover evidence of Special Agent Courtney's perjury or any readily apparent errors in trial counsel's performance during Mr. Veira's testimony.  (See Trial Tr. II 151-68, 169-86).  To the contrary, Petitioner's trial counsel repeatedly objected during Mr. Veira's testimony and again stressed his objections at side-bar.  (See, e.g., Tr. II: 151, 158-69, 176).  Petitioner's counsel also questioned Special Agent Courtney about the inconsistencies between her notes and testimony.  (See id. at 180-82).  Though Judge Lasker overruled the majority of counsel's objections, nothing in the record suggests that counsel's performance fell below the range of competence demanded of criminal trial attorneys.

In addition to failing to meet the requirements of the first prong of Strickland by evincing the objectively unreasonable performance of his trial counsel, Neto has also failed to satisfy the second prong requirement that "but for the counsel's unprofessional errors, the result of the proceeding would have been different."  Knight v. Spencer, 447 F.3d at 15.  Absent such evidence, the claim of ineffective assistance of counsel must fail.

**F.**     **U.S. Probation Report**

Lastly, Petitioner alleges that a procedural error occurred when the U.S. Probation office provided its presentence report two days before Petitioner's sentencing.  (See Petition at (f)).  Although not expressly referenced in his petition, Neto appears to be claiming a violation of Fed. R. Crim. P. 32(e)(2), which requires production of the report 35 days prior to sentencing.  This Court need not reach the truth or falsity of Petitioner's claim because, even assuming that a violation of Rule 32(e)(2) occurred, Petitioner procedurally defaulted this claim by failing to raise it on direct appeal, and the claim does not allege a constitutional error or lack of jurisdiction, which would make it cognizable under § 2255 absent exceptional circumstances.  See, e.g., United States v. Timmreck, 441 U.S. 780, 783-84, 99 S. Ct. 2085, 2087, 60 L. Ed. 2d 634 (1979) (no basis for allowing collateral attacked despite technical violation of Rule 11 requirements); Hill v. United States, 368 U.S. 424, 426, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962) (violation of Fed. R. Crim. P. 32(a) by not inviting defendant to speak before sentencing was not a "miscarriage of justice" warranting § 2255 review through collateral attack).  In sum, Petitioner's claim cannot be raised within a collateral proceeding under § 2255, and the motion to vacate should be denied.  See Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) ( non-constitutional error in applying sentencing guidelines not cognizable under § 2255).

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, this Court recommends to the District Judge to whom this case is assigned that the Petitioner's motion to appoint counsel (Docket No. 9) be DENIED, and that the Government's motion for summary dismissal (Docket No. 7) be ALLOWED.  Therefore, the Petitioner's motion to vacate (Docket No. 1) should be DENIED.[5]

_____/ s / Judith Gail Dein_____

Judith Gail Dein
United States Magistrate Judge

---

[5] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review.  <u>See</u> <u>Keating v. Sec'y of Health & Human Servs.</u>, 848 F.2d 271, 275 (1st Cir. 1988); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 604-05 (1st Cir. 1980); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  <u>Accord</u> <u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1, 3-4 (1st Cir. 1999); <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-51 (1st Cir. 1994); <u>Santiago v. Canon U.S.A., Inc.</u>, 138 F.3d 1, 4 (1st Cir. 1998).