United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. |
| **JOSE NETO,** | ) | 05-10101-NMG |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

**GORTON, J.**

In January, 2007, Jose Neto ("Neto" or "petitioner") was sentenced to 60 months in prison, two years of supervised release and ordered to forfeit his property in the Allston section of Boston, Massachusetts for attempting to bribe an official of the Immigration and Customs Enforcement ("ICE") and various immigration-related offenses. He now seeks to vacate or set aside that conviction.

## I. Background

In January, 2006, Neto was charged in a 42-count superseding indictment for 1) attempting to bribe a public official in violation of 18 U.S.C. § 201(b)(1), 2) inducing various aliens to reside in the United States illegally, harboring and employing illegal aliens in violation of 8 U.S.C. § 1324(a) and 3) engaging in an extortionate extension of credit in violation of 18 U.S.C. § 892. In connection with those

charges, the government sought forfeiture of Neto's property in Allston.

Neto pled guilty several months later to bribery, inducing aliens to remain in the United States and employing illegal aliens. He went to trial on the eight counts relating to harboring illegal aliens and a jury found him guilty of seven of those counts. It also returned a verdict forfeiting Neto's interest in his Allston property. United States District Judge Morris E. Lasker sentenced Neto in January, 2007. He did not appeal his conviction or sentence but did appeal the forfeiture of his property. He was unsuccessful in that effort.

In January, 2008, Neto filed a petition under 28 U.S.C. § 2255 seeking to vacate the judgment. He claimed, inter alia, that 1) he was entrapped into buying green cards, 2) his trial attorney was ineffective, 3) he did not understand that he was pleading guilty to bribery and 4) there was insufficient evidence for his conviction. In September, 2009, this Court issued an order adopting the Report and Recommendation of Magistrate Judge Judith G. Dein which recommended rejecting all of Neto's arguments and denying a motion for reconsideration. Neto did not appeal that order.

In January, 2010, Neto filed a motion for a new trial claiming, inter alia, ineffective assistance of counsel and

government misconduct. This Court summarily denied that motion and Neto did not appeal.

In April, 2011, Neto filed a Rule 60(b)(6) motion challenging his conviction and the property forfeiture raising many of the issues advanced in his § 2255 petition and motion for a new trial. The Court summarily denied the motion in June, 2011. Neto appealed that order but it was affirmed in February, 2012.

Neto was released from prison in November, 2013. In July, 2014, he filed a petition for relief under the common law theory of coram nobis claiming 1) that his due process rights were violated by prosecutorial misconduct, 2) ineffective assistance of counsel and 3) that the trial court's failure to advise him on his alien status amounted to a state constitutional violation.[1]

For the reasons that follow, Neto's petition will be denied.

## II. Analysis

### A. Legal Standard

Pursuant to the All Writs Act, a federal court has the authority to grant a writ of error coram nobis to correct an error that affects the validity and regularity of a judgment.

---

[1] Although the pro se petitioner has titled the petition improperly, the Court will treat the submission as a petition for writ of error coram nobis.

28 U.S.C. § 1651(a); United States v. Morgan, 346 U.S. 502, 507 (1954); United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001). The writ allows courts to revisit their own judgments on the basis of some "patent error," subject to certain conditions. Trenkler v. United States, 536 F.3d 85, 90, n.2 (1st Cir. 2008). The writ may be employed only by a criminal defendant who is no longer in custody. Id. at 98.

The writ is considered an "extraordinary remedy" allowed "only under circumstances compelling such action to achieve justice." Sawyer, 239 F.3d at 37 (quoting Morgan, 346 U.S. at 511). In fact, the Supreme Court found it "difficult to conceive of a situation in a federal criminal case today where [a writ of error coram nobis] would be necessary or appropriate." Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)).

At the outset, the Court presumes the validity of the original proceedings, thus delegating the burden of proving otherwise to the petitioner. Morgan, 346 U.S. at 512. For relief under the writ, the petitioner must follow a threefold inquiry:

1) explain his failure to seek relief from judgment earlier;

2) demonstrate continuing collateral consequences from the conviction; and

-4-

3) prove that the error is fundamental to the validity of the judgment.

Sawyer, 239 F.3d at 38.

**B. Application**

Neto's claims that his trial and appellate counsel were ineffective, that he was entrapped, that a witness made contradictory statements and that he did not understand he was pleading guilty to bribery have already been dismissed in both his properly filed § 2255 motion and his Rule 60(b)(6) motion. All of his claims are therefore procedurally barred.

In light of the procedural bar, Neto's petition cannot show that a fundamental error has occurred to warrant the extraordinary remedy of a writ of error coram nobis. Accordingly, plaintiff's petition fails as a matter of law.

## ORDER

Based upon the foregoing, petitioner's petition for a writ of error coram nobis (Docket No. 139) is **DENIED** and the petition is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 22, 2014